## CARL KOBS *vs.* CITY OF MINNEAPOLIS.

### August 24, 1875.

**Municipal Corporation—Liability for Turning Water from Streets upon Abutting Land.**—Where a municipal corporation causes a ditch to be cut across one of its streets, whereby a large and unusual quantity of water is turned upon another's premises, with destructive force and to his injury, this is *prima*

*facie* wrongful, and a nuisance. If circumstances exist rebutting the *prima facie* character of the act, they must be alleged and proved by the corporation. *O'Brien* v. *City of St. Paul*, 18 Minn. 176, followed in this respect.

**Same—Presumption of Authority of Officers of City.**—When it appears that a municipal corporation, by its charter, has the exclusive care, supervision and control of all streets within its limits, and is charged with the power of authorizing work to be done thereon, when required by any public necessity, and with the duty of preventing it if injurious and unauthorized; and it further appears that an officer receiving his appointment from the corporation, subject to its control and removal, and whose general duties require him to take charge of all streets in his ward, superintend the local improvements therein, and to carry into effect all orders of the city council, has done an act which, as respects its character and place of performance, falls within the scope of his general official powers and duties, and in the very line and course of his ordinary employment, the presumption arises, in the absence of any evidence to the contrary, in favor of his authority to do such particular act.

**Same—Liability for Negligence of Officer acting Ministerially.**—Negligence in the performance of a mere ministerial duty or act by such officer, resulting in special injury, is good ground for the maintenance of an action against the corporation by the injured party.

Appeal by defendant from a judgment of the municipal court of the city of Minneapolis, where the action was tried before *Cooley*, J., without a jury.

*Merrick & Morrison*, for appellant.

*D. A. Secombe*, for respondent.

CORNELL, J. The complaint, after averring plaintiff's ownership of lot 7, in block 17, in Northrup's addition to St. Anthony, in the east division of the city of Minneapolis, charges that in June, 1874, " by order of the city council of said city, the street commissioners of the second ward of said city, wherein said lot is situated, dug and excavated a culvert or ditch through Ninth avenue north, from said block 17 to the block opposite thereto, on the other side of the street, and that by *reason thereof, and by means thereof*, a large stream and quantity of water, which was standing on said last mentioned block, ran through said culvert or ditch with great force and violence, and so ran on to the said lot, and greatly damaged and injured the said dwelling-house of plaintiff, then being on his said lot." Said complaint also

charges that said culvert or ditch was so dug and excavated
"in a careless, negligent and unreasonable manner, and it
was solely by reason thereof, and by means thereof, that
said dwelling-house was so damaged and injured." It will
be noticed that there is an apparent inconsistency in the two
causes of action here set forth, as the pleader in the one
grounds plaintiff's alleged injury upon the digging of the
ditch, without reference to the manner in which it was dug,
and in the other bases it solely upon the careless, unskilful
and unreasonable manner in which it was dug, and it may
well be that under a proper objection, taken at the right
time, the plaintiff would have been confined to a recovery
under one of these counts alone. But inasmuch as no point
of this kind was made in the court below, when the error
could have been corrected by an amendment of the plead-
ings, and as the cause was tried without reference to it, and
upon the merits as disclosed by the evidence introduced
without objection, it is proper to disregard it in this court.

The answer impliedly admits the digging of the ditch,
but takes issue upon the other averments of the complaint.
Upon the issues thus made the findings of the court are
substantially in favor of the plaintiff, although somewhat
objectionable in not properly distinguishing between facts
and evidence of facts, and in incorporating in its conclusions
of law some findings upon matters more proper to be
embraced in its statement of facts found. But as the record
brings up the whole evidence and proceedings, from which
the court is enabled to determine as to the correctness or
incorrectness of the general legal conclusion and judgment
of the court below, it is unnecessary more particularly to
notice the objectionable features of such finding.

In *O'Brien* v. *City of St. Paul*, 18 Minn. 176, the munici-
pal corporation defendant was held liable in a civil action
to the plaintiff for damages occasioned by the maintenance
of a sewer erected by defendant, which conducted to, and
emptied upon, plaintiff's premises, to his injury, a greater

body of water than the natural flow through a water-course that ran through his premises, draining the adjoining lands; and the court say: "This, whether done by a corporation or an individual, is *prima facie* wrongful, and a nuisance. If circumstances exist which would rebut the *prima facie* wrongful character of the act, they must be alleged and proved by the defendant as a justification."

It is difficult to distinguish that case from the one at bar, and the principle covering it must control this. In both, the real cause of the injury is the unjustifiable diversion upon the premises, by artificial means, of an unusual and accumulated quantity of water, and with destructive force and violence. That the means employed in the case at bar was a ditch or culvert, instead of a sewer, is a fact of no material significance whatever. Neither is the fact that the ditch or culvert was dug across the street over which the defendant had control, because it is not claimed by the answer that it was done in the way of improving or repairing such street, or for any other lawful purpose. As the case is presented to us by the record, the act done by the defendant, as found by the court, is one of misfeasance, positively and directly injurious to the plaintiff, against which there is no immunity from liability in favor either of a municipal corporation or an individual.

It is claimed, however, that the act of the street commissioner, in digging the ditch and letting off the water, was unauthorized by the city council, and that the defendant is not liable for such the unlawful act of its agent or officer.

By its charter, which is declared a public act, the city council has the exclusive "care, supervision and control of all highways, bridges, streets, alleys and public squares and grounds within the limits of the city," etc.; and also the "power to order and contract for the making, grading, repairing and cleansing of streets, alleys, public grounds, reservoirs, gutters, sewers and sidewalks within said city, and

to direct and control persons employed thereon, and to provide for doing the same in any other manner," etc. ; and it is provided that " all such improvements shall be superintended by the street commissioner, or some other person to be appointed by the city council, of the proper ward within which the same shall be made." Such street commissioner is appointed for each ward by the council annually, and subject to removal from office by a vote of two-thirds of the aldermen, and his "duty is declared to be to superintend all local improvements in the respective ward for which he is appointed, and to carry into effect all orders of the city council."

From these provisions it is apparent that the act of the street commissioner, in excavating the ditch or culvert across the street, was not *ultra vires* as respects the corporate powers of the defendant. It had the exclusive care, supervision and control of the street where the act was done, which involves the power of authorizing it if required by any public necessity, as well as the duty of preventing it if undertaken without authority. It was done by an officer of its own appointment, subject to its control and removal, and whose general duties require him to take charge of the streets in his ward, superintend the local improvements therein, and to carry into effect all orders of the city council relating thereto. As respects the place of its performance and the character of the act, it was one falling within the scope of the general powers and duties of the street commissioner, and in the very line and course of his ordinary employment. He had, in fact, during his term of office " had charge of the streets in his ward where work was to be done," and had received instructions from the city engineer and alderman Dake, the same officers upon whose advice and assistance he acted in the present instance. Under these circumstances, in the absence of any evidence to the contrary, the general presumption in favor of the performance of an official duty and of an officer's authority was suffi-

cient *prima facie* to establish it in the present case, and to justify the conclusion of the court below that the act in question was defendant's act.

The judgment of the municipal court was right upon another ground. It is apparent from the testimony that the sole object of digging the ditch was to remove the stagnant pond of water which had been created by the act of the city in grading Ninth avenue without any culvert. Assuming that the pond thus created had become, or was likely to become, a public nuisance, detrimental to the health of the community, and that the city had the right, and was obligated for sanitary purposes, to cause its removal—facts concerning which the answer, evidence and finding of the court below are silent—the act of removal was a ministerial one, in the performance of which the defendant was legally bound to take all such reasonable care and precaution against possible and contingent injuries to others as a discreet and cautious individual would, and ought to, exercise under like circumstances, were the whole loss or risk to be his alone. *Rochester White Lead Co.* v. *City of Rochester*, 3 N. Y. 463. It appears that the construction of a ditch along Ninth avenue and Ramsey street to the culvert on Eighth avenue, a distance of only two sides of the block, varying in depth from half a foot to four feet and three-tenths, would have effectually drained this pond without any injury to any one. It is claimed that this would have consumed more time and cost considerable more money, but it is very clear that the additional outlay of time and money required was not so considerable as to have furnished any justification to a reasonably prudent man, regardful of the rights of others. In disposing of the water in the way it did, defendant was guilty of negligence, and upon this ground, also, the city is liable for the injuries it occasioned.

Judgment affirmed.