CARL PETERS *vs.* TOWN OF FERGUS FALLS.

October 5, 1886.

**Opening Highways—Acts of Supervisors—Liability of Town.**—In the matter of opening and working highways, the acts of the supervisors, within the general scope of the powers and duties of the town, are the acts of their town; so that if such acts cause damage to adjacent lands for which a private owner would be liable, if caused by acts done by him on his own land, the town is liable.

This action being at issue and called for trial in the district court for Otter Tail county, before *Collins*, J., the defendant moved for judgment on the pleadings. It was admitted, for the purpose of the motion, that defendant is a town organized under Gen. St. 1878, *c.* 10, with no other or greater powers than those conferred by the gen-

eral laws of the state upon towns organized under that chapter. Thereupon the motion was granted. The plaintiff appeals from an order refusing a new trial.

The complaint alleges plaintiff's ownership of a farm upon which was a large slough, bordering on a highway in the defendant town, the natural and only outlet for the waters of the slough being at the north end of it and across the line of the highway; and that for many years prior to May 1, 1884, the plaintiff had used and improved the premises as hay meadows and for pasturing and tillage, and had cut thereon each year large quantities of hay, and the premises were yearly increasing in value by reason of the natural drainage. That across the natural outlet of the slough on the line of the highway there was a large, well-built and sufficient bridge, through which at all seasons of the year the waters of the slough were discharged. That on May 1, 1884, the defendant's supervisors and road overseer, under pretence of improving the highway, connected other large sloughs, ponds and run-ways lying south and east of the slough on plaintiff's land, by means of cutting ditches and building sluices, thereby diverting large quantities of water into the plaintiff's slough, which otherwise would not have flowed into it; and also, at the same time, removed the bridge before mentioned, and, in place thereof, wilfully, negligently and unskilfully built two small box culverts, thereby obstructing and impeding the natural and only outlet of the slough, and causing its waters to rise and overflow plaintiff's lands, making them of little use for farming or any other purpose, to plaintiff's damage, etc.

*Clapp, Woodard & Cowie,* for appellant.

*J. W. Mason,* for respondent.

GILFILLAN, C. J. In *Woodruff* v. *Town of Glendale,* 23 Minn. 537, it was decided that, in the matter of opening and working highways, the acts of the supervisors are the acts of the town, for which it is liable. This is to be understood, however, to refer only to acts of the supervisors within the general scope of the powers and duties of the town, which are cast on the supervisors to perform, and not to acts of theirs done merely *colore officii,* without the scope of such powers and duties, and which, the town having no authority to do, the super-

visors have no authority to do in its behalf. Thus, if the connecting other large sloughs and ponds by means of ditches, alleged in this complaint, was done upon the highway, and in the course and as a means of improving it, there could hardly be a doubt that it was within the general scope of the powers of the town, and of the authority of the supervisors to act in its behalf. If, on the other hand, it was done, not for the purpose of improving the highway, but for some other purpose, as for a merely private purpose,—for instance, to drain private lands,—and perhaps if done off the highway, it would be without the general scope of such powers, and the supervisors, and not the town, would be liable. Now, as we understand from the complaint, these acts were done for the purpose and as a means of improving the highway, and, for aught that appears, were done on it. It is alleged that the supervisors acted in their official capacity.

In *Altnow* v. *Town of Sibley*, 30 Minn. 186, (14 N. W. Rep. 877,) it was held that, in the absence of a statute imposing such liability, the town is not liable to a private person for injuries sustained in consequence of a neglect to keep a highway in repair, the reason given being that the duties enjoined in this behalf are public in their nature,—that is, duties to the state, and not to private persons; and that hence a breach of them creates a liability to the state only,—a public liability. In respect to laying out and keeping in repair highways, the town is to be regarded as the agent of the state, and for non-action in the premises it is not liable to individuals.

Is it liable to private persons for injuries caused by acts of misfeasance, in performing a duty it owes to the state, by a negligent or unskilful performance of it? The duty imposed upon the town of constructing and keeping in repair highways puts it in possession and control of them for those purposes, and gives it a qualified or special property in the land over which they run. It stands, so far as respects adjacent property, in the position of owner. *Gilman* v. *Laconia*, 55 N. H. 130; *Haynes* v. *Burlington*, 38 Vt. 350; *Hill* v. *Boston*, 122 Mass. 344, 358. The right to cause damage to adjacent lands in the town's management and control of the highway, beyond that which a private owner may, without liability, cause to the lands of others by acts done on his own land, must be acquired through the

right of eminent domain.    *O'Brien* v. *City of St. Paul*, 25 Minn. 331, and cases cited.

If the allegations of the complaint (as we construe them) are true, the defendant is liable.

Order reversed.