PETER FOLLMANN *vs.* CITY OF MANKATO.

February 27, 1891.

**Municipal Corporation—Surface Water—City, when Liable to Land-Owner.**—A municipal corporation is not liable in damages for obstructing and turning back surface water by public improvements, or for mere non-feasance, where no improvement has been made or undertaken; but if the result of an improvement is to collect surface water into a stream, and turn it upon adjacent premises, to the damage of the owner, an action will lie. The same rules are applicable to such corporations substantially as are enforced against private owners in improving their lands.

**Same—Evidence.**—Evidence *held* sufficient to make a case for the jury.

Appeal by defendant from an order of the district court for Blue Earth county, *Severance,* J., presiding, granting a new trial after verdict directed for defendant, in an action to recover $1,107.55 for injuries to plaintiff's premises caused by diversion of surface water.

*W. E. Young* and *A. R. Pfau,* for appellant.

*Daniel Buck* and *J. M. Burlingame,* for respondent.

VANDERBURGH, J.   This action is brought to recover damages of the defendant, resulting from the flooding of the cellar of plaintiff's store, which he claims was caused by the negligent grading and improvement of the adjacent street by the defendant, by means whereof the surface water flowing along the street for several blocks was collected in a stream or body, and diverted to the premises of the plaintiff. After the evidence was submitted, a verdict was directed for the defendant by the court.   Afterwards, upon a review of the evidence on a motion for a new trial, the court was of the opinion that it erred in directing a verdict, and accordingly granted plaintiff's motion.   In this, we think, the court was right, and that upon the evidence there was a case made for the jury.   Under the doctrine enunciated in *O'Brien* v. *City of St. Paul,* 25 Minn. 331, a municipal corporation, as respects surface water, is governed by the same rules in making public improvements upon its streets or grounds which are applicable to private owners in grading or improving their lots or lands.   Neither are liable for non-feasance in such cases where no improvements are

made or undertaken, or for damages resulting to an adjacent owner from improvements obstructing the natural flow of surface water, or turning it back upon adjacent premises; but if the result of improvements actually made is to collect such water into a stream, and turn it thereon, to the damage of the owner, an action will lie. The rule is familiar under the decisions of this court, and will not be disputed.

We do not deem it necessary, especially in view of another trial, to review the evidence in the case; but the evidence in plaintiff's behalf tended to show that, as the result of a fill made by the city in the adjacent street, the course of the surface water accumulated in storms was changed and turned past plaintiff's premises. The drainage for the street in question, which is known as "Walnut street," had previously and naturally been along another street, called "Second street," which runs along the rear of the block in which plaintiff's lot is situated, crossing Walnut street, which descended on either side towards it. The evidence further tended to show that the fill so made raised the grade of Walnut street at the crossing of Second street four or five feet, so as to turn all the water that formerly flowed from Walnut street each way into Second street, and collect it in the gutters or ditches, and conduct it on each side to or past plaintiff's premises; and also that defendant left the grading in an unfinished condition next to his lot, and neglected to make proper provision for carrying off the water in the ditch or gutter on that side of the street, so that in case of rain-storms the water coming down the street for several blocks was liable to be turned directly upon his premises. And, in respect to the particular injury complained of, the evidence is sufficient to show that it was due to an invasion of surface water traceable to the acts and negligence of the defendant above specified. *Byrnes* v. *City of Cohoes*, 67 N. Y. 204; *Seifert* v. *City of Brooklyn*, 101 N. Y. 136, 143, (4 N. E. Rep. 321.) A question of fact was raised for the jury on the principal issue in the case, as well as upon several minor issues, including the question of the alleged contributory negligence of plaintiff. The complaint was sufficient, as against a motion to dismiss.

Order affirmed.