JOHN S. ROBBINS v. VILLAGE OF WILLMAR.[1]

February 3, 1898.

Nos. 10,609—(7).

Municipal Corporation—Trespass—Liability for Casting Surface Water on Another's Land—Witness.

A village corporation is guilty of trespass if it collects and gathers up surface water by artificial means, and unnecessarily casts it upon the premises of an individual in increased and injurious quantities, and for such injury the corporation is liable, and in such case a witness may give an estimate or opinion of the damage sustained.

[1] Reported in 73 N. W. 1097.

Same—Sufficiency of Evidence to Support Verdict.
> Evidence considered, and *held* sufficient to justify the direction of the court to the jury and the verdict found.

Appeal by defendant from an order of the district court for Kandiyohi county, Powers, J., denying its motion for a new trial after a verdict for $153.60 in favor of plaintiff. Affirmed.

*Samuel Porter*, for appellant.

In establishing street grades and in adopting plans for improvement a municipal corporation acts judicially and discretionally, and it is not liable for failure to exercise this power, or for an erroneous estimate of the public needs, or an erroneous adoption of the best manner of grading the streets or making the improvements. Hines v. City, 50 N. Y. 236; Mills v. City, 32 N. Y. 489; City v. Toolan, 37 Mich. 152; City v. Cleary, 37 Mich. 296; Watson v. City, 114 N. Y. 88. Unless the corporation is negligent in grading its streets, it is not liable. McClure v. City, 28 Minn. 186. In doing grading required by public interests the corporation is not liable for flooding another's premises unless the water is thrown upon them in destructive amounts and by a system of drainage independent of the grading. Where the water naturally follows the grading done and as an incident thereto no action will lie. O'Brien v. City, 25 Minn. 331; Sheehan v. Flynn, 59 Minn. 436.

*E. T. Young*, for respondent.

Where a municipal corporation diverts water from its natural course and casts it upon another's premises so as to cause damage, it is its duty to provide an outlet. Where the necessity for the outlet is caused by the act of the corporation, it is liable for its failure to provide one. Byrnes v. City, 67 N. Y. 204; Seifert v. City, 101 N. Y. 136; Follmann v. City, 45 Minn. 457. If a sewer or other improvement, whatever its plan, is so constructed as to cause a direct and positive invasion of private property as by collecting and throwing on to it, to its damage, water or sewage which would not otherwise have flowed there, the corporation is liable. Tate v. City, 56 Minn. 527; O'Brien v. City, 18 Minn. 163 (176); O'Brien v. City, 25 Minn. 331; McClure v. City, 28 Minn. 186; Township v. Devine,.

36 Minn. 53; Pye v. City, 36 Minn. 373; Brown v. Winona, 53 Minn. 259, 267; Stoehr\ v. City, 54 Minn. 549; Hogenson v. St. Paul, 31 Minn. 224; Alden v. City, 24 Minn. 254.

BUCK, J.

The defendant is the village of Willmar, situate in the county of Kandiyohi, in this state. The plaintiff, Robbins, brought this action against the defendant to recover damages for injury to his property by reason of defendant's negligence and carelessness in grading and improving its streets, and constructing its gutters, sewers, drains, culverts, ditches and water courses, whereby the surface waters, from melting snows and rain, were gathered and collected in large quantities from a large portion of the territory in and surrounding said village, and from defendant's streets and avenues, into said gutters, culverts, drains, ditches and sewers, and thereby caused to flow in the direction of and upon the premises and property of plaintiff situate in said village, to his great damage in the sum of $300, and that said water was so wrongfully gathered and collected in large quantities, and precipitated upon plaintiff's property where it did not previously flow.

The plaintiff is, and for several years has been, the owner of block 26, and a strip of land 130 feet wide, lying between Pacific avenue, of the defendant village, and the railroad tracks, extending from the east side of Second street to a point opposite the middle of First street. Upon this strip of land are situated the buildings, lumber and fuel yards, coal shed, engine room, lime house, and office of the plaintiff. Plaintiff also owns block A, in said village, which is vacant, but upon which large quantities of water are discharged from the same cause, and in the same manner, as upon the plaintiff's other premises. A large portion of the defendant's territory, including the streets so graded by defendant, lies south of and contiguous to the plaintiff's said premises, and a portion of defendant's said territory, and other land contiguous to it on the south, is high, broken and hilly. Upon the trial the court directed the jury to find a verdict for damages in favor of the plaintiff, but left the amount of such damages to be found by the jury, which it did, and returned a verdict in favor of the plaintiff for the sum of $153.60. The defendant appeals.

The defendant contends that in establishing the grade of a street, and in adopting plans for improvements, the village acts judicially or discretionally; and for the failure to exercise this power, or an erroneous estimate of the public needs, or an erroneous adoption of the best manner in which the streets should be graded or public improvements made, the village is not liable. But there is no allegation in defendant's answer that the village council of Willmar ever established any grade for its streets, or that it ever adopted any system of drainage for the village, and no sufficient proof thereof. There is an entire omission in the defendant's pleading and proof of any allegation or evidence that the village had ever adopted any plan of improvement for its territory, either for grading its streets or drainage. And certainly its failure to exercise this power cannot justify its wrongful acts in gathering large quantities of surface water, and causing it to be discharged with destructive force upon private property.

We think that the evidence is quite conclusive that it did this very act, not once, but several times. Previous to its doing so, the water did not flow upon the plaintiff's premises so as to injure the same, or interfere with plaintiff's business conducted thereon, but, by reason of the defendant's negligent acts in grading its streets, making sewers, ditches and culverts, in said village, it diverted the surface water accumulating in the high land in said village, and on the high, broken and hilly land contiguous thereto, from its natural course and the places where it naturally went, and thereby gathered it in large and unusual quantities, and precipitated the same upon plaintiff's premises, whereby they were materially injured, and plaintiff thereby damaged. There does not appear to be any excuse or jurisdiction for the acts of the defendant. The village had a feasible way of disposing of this water, but failed to use it. It merely carried the water down to a point near plaintiff's premises, and there left it to take care of itself.

The law seems to be well settled in this state that a city or municipal corporation is liable if it collects and gathers up surface water by artificial means, such as sewers and drains, and casts it upon the premises of another in increased and injurious quantities. Such acts amount to a positive trespass. Pye v. City, 36 Minn. 373,

31 N. W. 863; Follmann v. City, 45 Minn. 457, 48 N. W. 192; Beach v. Gaylord, 43 Minn. 476, 45 N. W. 1095; Township v. Devine, 36 Minn. 53, 29 N. W. 342.

The defendant assigns as error the refusal of the court to instruct the jury that in ascertaining the damages, if any, sustained by plaintiff, it cannot take into consideration any damage to block A, for the reason that there is no evidence adduced on behalf of plaintiff to show that there has been any damage to the block, or such evidence as to warrant the jury in determining or estimating any damage thereto. The plaintiff testified that, by reason of the water being so cast upon the premises, including block A, he had been damaged in the sum of $300; that, as to block A, he could not use it for any purpose, so long as the water was so discharged over it. The proof showed that large volumes of water were repeatedly cast upon it, by reason of the said wrongful acts of the defendant, during a period of three years; also that on the other premises he had to build a wall three feet high, on account of this increased flow of water, to protect his scales. The manner in which the property was affected and injured conclusively appears from the plaintiff's testimony.

Now, the plaintiff estimated his damage, by reason of this unusual and increased flow of water, to be the sum of $300, while the verdict was only $153.60, or only about one-half of that stated by plaintiff. The damages to block A must certainly have been nominal, and whether the jury included any more in the verdict does not appear. The defendant, however, took no exception to the manner of proving damages, and the court had a right, in its discretion, to allow the plaintiff to estimate or give his opinion as to the amount of damages. Johnson v. Chicago, 37 Minn. 519, 35 N. W. 438; Minnesota Co. v. Gluek, 45 Minn. 463, 48 N. W. 194. Defendant did not, by cross-examination or otherwise, show the incompetency of the witness, or the erroneous measure of damage, and it is now too late for him to complain.

We find no error of law in the record, and the order denying defendant's motion for a new trial is affirmed.