JOHN GUNNERUS v. TOWN OF SPRING PRAIRIE and Another.[1]

February 11, 1904.

Nos. 13,601—(94).

**Highway—Ditch.**

> *Held*, in this action, which was brought to recover for an injury to plaintiff's farm alleged to have been caused by an unlawful and negligent construction of a highway, by means of which the waters of a slough were drained into a ditch, and then cast upon the farm, that the verdict in favor of plaintiff was supported by the evidence.

Action in the district court for Clay county to recover from defendants, Town of Spring Prairie and Town of Flowing, $600 for the wrongful and negligent diversion of surface water from its natural courses to the land of plaintiff, by means of a highway and ditches. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $379.10. From an order granting a motion for judgment in favor of defendants notwithstanding the verdict, plaintiff appealed. Reversed, and new trial granted.

*C. A. Nye*, for appellant, cited: Brown v. Winona & S. W. Ry. Co., 53 Minn. 259; Sheehan v. Flynn, 59 Minn. 436; Jungblum v. Minneapolis, N. U. & S. W. R. Co., 70 Minn. 153; Stillwater Water Co. v. Farmer, 89 Minn. 58; Hogenson v. St. Paul, M. & M. Ry. Co., 31 Minn. 224; Breen v. Hyde, 130 Mich. 1, and cases cited; Oftelie v. Town of Hammond, 78 Minn. 275; Township of Blakely v. Devine, 36 Minn. 353; Pye v. City of Mankato, 36 Minn. 373; Beach v. Gaylord, 43 Minn. 476; Beard v. Murphy, 37 Vt. 99; Schuett v. City of Stillwater, 80 Minn. 287.

*W. R. Tillotson* and *F. H. Peterson*, for respondents, cited: Hoyt v. City, 27 Wis. 656; Altnow v. Town of Sibley, 30 Minn. 186; Peters v. Town of Fergus Falls, 35 Minn. 549.

COLLINS, J.

These defendants were towns organized in accordance with G. S. 1894, c. 10, the town of Flowing lying directly north of Spring Prai-

[1] Reported in 98 N. W. 340, 974.

rie. Plaintiff's farm lies in the northwest corner of the town of Spring Prairie; and two or three miles to the east, about on the line dividing these towns, is a natural slough, which constitutes a small reservoir for surface water which drains into it from the east, south, and southwest. Usually there is more or less water in this slough, and leading out of it to the northwest is a natural coolie or run, through which the water ordinarily flows, finally making its way into Buffalo river. About 1898 these two towns united in grading a highway running east and west on the dividing line, and for this purpose a ditch was made on each side of the way, the earth being thrown into the center to form an embankment or grade for travel. These ditches extended. from the slough about three and a half miles west to the right of way of the Great Northern Railroad. Plaintiff's farm lies south of the highway, adjoins it, and is about one mile from the railway right of way. The plaintiff, claiming that by means of the ditch south of the grade the water is drained from the slough, is gathered in great quantities, and is then turned in destructive currents upon his farm, and to his great injury, brought this action to recover damages. At the trial he secured a verdict, but later, and upon motion, the court below ordered judgment in favor of defendants notwithstanding the verdict. This appeal is from the order.

We gather from the action of the court below that it was of the opinion that the injury which seems to have been done to plaintiff's farm was actually caused by obstructions which had accumulated on the right of way of the Great Northern Railway Company; and also that the evidence showed conclusively that the defendant towns fully and properly discharged their duty when constructing the highway, and that, if any injury was caused to the plaintiff by their acts, it was incidental, and the unavoidable result of a properly constructed roadbed necessarily graded for the use of the public.

The law in cases of this character is well settled. In the matter of opening and working highways the acts of town supervisors within the general scope of the powers and duties of the town are the acts of the town; so that, if such acts cause damage to adjacent lands for which a private owner would be liable if caused by acts done by him on his own land, the town is liable. Peters v. Town of Fergus Falls, 35 Minn. 549, 29 N. W. 586. Also that the supervisors, in improving a high-

way, are not authorized to collect surface water in artificial drains or ditches, out of their natural course, and unnecessarily cause it to flow upon the lands of an adjacent proprietor, to his damage, nor in a greater volume or quantity than it would naturally otherwise do. Robbins v. Village of Willmar, 71 Minn. 403, 73 N. W. 1097, and cases cited.

If, therefore, defendants diverted the water which collected in the slough from its natural course of drainage to the northwest into the ditch, and unnecessarily or unreasonably cast it upon plaintiff's land, to his injury, the verdict was correct, and ought not to have been disturbed by the trial court. We are of the opinion that there was sufficient testimony to sustain the finding, necessarily involved in the verdict for plaintiff, that the defendant unnecessarily collected water in its ditch, and then failed to exercise proper care or effort by means of a culvert under the roadbed to turn the water so collected towards the coolie north of the road, the natural course of the water gathered in the slough. Referring to the suggestion that the responsibility rests upon the railroad company, which permitted obstructions to accumulate and to remain on its right of way, it is only necessary to say that defendants wrongfully cast water upon this right of way, which, if not interfered with, would have gone in another direction. The company was not responsible for these acts of defendants, and was not obliged to remove obstructions not placed on its right of way by any act of its own. On the evidence the case was for the jury, and it was error for the court below to order judgment notwithstanding the verdict.

Order reversed, and cause remanded for further proceedings in the court below.

On March 26, 1904, the following opinion was filed:

PER CURIAM.

The defendants, in their application for a reargument, urge that the verdict includes damages resulting from the nonrepair of the highway in question, as well as from the alleged defect in its original construction; hence judgment absolute for the plaintiff cannot be ordered on his appeal from an order directing judgment for the defendants, made on their blended motion for judgment notwithstanding the verdict or for a new trial. The plaintiff is in no event entitled to recover

any damages due to the nonrepair of the highway, but he is entitled to such damages to his land by water as are proximately due to the alleged defective plan and construction of the highway.

We are satisfied, upon a further examination of the record in this case, that it is not so clear that only damages due to such defective plan and construction are included in the verdict. Therefore it is ordered that the order remanding the case be modified so as to read as follows: "Ordered, that the order appealed from be reversed, and a new trial granted."

Reversed, and new trial granted.