## JOHN LINDSTROM v. COUNTY OF RAMSEY.[1]

February 2, 1917.

Nos. 20,184—(252).

**Highway — county liable for act of its county board — filling up culvert.**
In the matter of the improvement of highways the acts of the county

[1]Reported in 161 N. W. 222.

board, within the general scope of its powers and duties, are the acts of the county, so that if such acts result in damages to adjacent lands, for which a private owner would be liable if caused by acts done by him on his own land, such county would be liable.

Action in the district court for Ramsey county to recover $500. The answer alleged that defendant did not retain control of the contractor's method of doing the work mentioned in the opinion, and in the performance of it the contractor was an independent contractor; that the culvert in question was not constructed or maintained by defendant, and defendant was not aware of its existence. The case was tried before Michael, J., who made findings and ordered judgment for $300 in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Richard D. O'Brien* and *Patrick J. Ryan,* for appellant.
*Albin E. Bjorklund,* for respondent.

QUINN, J.

By this action plaintiff seeks to recover from the defendant certain damages which he claims to have sustained as the result of the overflow of his lands bordering upon a public highway within the defendant county.

Ramsey county is a municipal corporation, created and existing under the laws of this state, has a population of over 150,000 and, under the provisions of chapter 164, p. 202, Laws 1905, its county board has the care and supervision of the public highways within the county. In the court below the case was tried and submitted upon the pleadings and a stipulated statement of facts; the court made findings and ordered judgment for the plaintiff. From the judgment entered upon such findings defendant appealed.

During the times in question there existed within the county a public highway, commonly known as White Bear road, upon which there was a grade for a considerable distance, which was about five feet high. The plaintiff owned a farm of about 25 acres bordering upon this highway and adjacent to such grade. There was a culvert under and across this grade of sufficient capacity to care for the water flowing from plaintiff's

land in its natural course across the highway on its way to White Bear lake.

On May 1, 1913, the county board determined to make certain improvements in this highway, and accordingly entered into a contract therefor. The contract did not specify any change in the culvert, nor did it specify any improvement which would necessarily affect the culvert or the drainage of plaintiff's land. In executing the work of improvement under the contract, the contractor straightened, widened and raised the grade in the highway adjacent to plaintiff's land and in so doing the material was so placed that it fell over the side of the embankment or grade, and filled and obstructed the culvert so that water would not flow through it.

On July 8, 1913, during a period of excessive rains, a large quantity of water flowed over plaintiff's land in its natural course, but, on account of such culvert being so obstructed, the water was prevented from flowing across the highway, and as a result thereof backed and overflowed plaintiff's land, to his damage in the sum of $300.

It is not contended but that the county board, in its determination to improve the highway and in entering into a contract therefor, acted within its authority and within the general scope of the powers of the county, and that its acts in these respects were the acts of the county; but it is insisted that the act of placing the material upon the roadway in such a manner that it fell upon and obstructed the culvert was unnecessary in the repair of the road, was not contemplated by the board and was not provided for in the contract, and was therefore an act for which the county is not liable and for which the contractor alone is liable.

We do not think this contention is sustained by the facts as they appear from the pleadings and as stipulated. It appears from the answer that the improvements contemplated by the board consisted in part of grading, claying and graveling so much of the highway as lay adjacent to the plaintiff's premises and from the statement of facts it appears that in the performance of this work the contractor straightened, widened and raised the grade in accordance with the contract, and while so

doing placed material in the roadway so that it fell over the side of the grade, thereby filling and obstructing the culvert, and that in so doing not only the contractor, but the county officials as well were negligent.

It is difficult to understand how such officers could be negligent in the performance of this work—the placing of that material upon the grade—in company with the contractor while at work under his contract, unless they were there respresenting the county board in looking after the performance of the work under the contract.

It is clear that the work of widening, straightening and raising the grade at the place in question was done in the course and as a means of improving the highway under the contract, and that it was within the general scope of the powers of the county, and within the authority of the county board; therefore the placing of the material, as in this case, in the roadway where it would, without any further act on the part of anyone, fill and obstruct the culvert in question and thereby cause the overflow of the plaintiff's land, is an act for which the defendant is liable.

In the matter of the improvement of highways, the acts of the town board in case of town roads, and of county boards in case of county roads, within the general scope of the powers and duties of such boards, are the acts of the municipality, so that if such acts result in damages to adjacent lands, for which a private owner would be liable if caused by acts done by him on his own land, such municipality would be liable. Peters v. Town of Fergus Falls, 35 Minn. 549, 29 N. W. 586; Schussler v. Board of Co. Commrs. of Hennepin County, 67 Minn. 412, 70 N. W. 6, 39 L.R.A. 75, 64 Am. St. 424; Gunnerus v. Town of Spring Prairie, 91 Minn. 473, 98 N. W. 340, 974.

Order affirmed.