HARBE HALVORSON v. TOWN OF MORANVILLE.[1]

July 6, 1917.

Nos. 20,249—(72).

**Surface water — negligence of town — verdict sustained.**

　　1. The evidence in an action against a town for damages to plaintiff's land, caused by the alleged negligence of defendant in the repair of one of its highways, is *held* to support the verdict.

**Action against town — filing of claim — pleading.**

　　2. The answer of defendant does not present the question whether an action may be brought against a town before the lapse of a reason-

1Reported in 163 N. W. 673.

able time from the date of filing the claim with the town clerk as required by G. S. 1913, § 1199.

Action in the district court for Roseau county to recover $400 damages for allowing surface water to flow upon plaintiff's land. The case was tried before Watts, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $225 in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*E. M. Heimbach* and *M. J. Hegland,* for appellant.

*Alexander· Fosmark* and *G. M. Stebbins,* for respondent.

BROWN, C. J.

This action was brought to recover damages for the alleged negligence of defendant in the repair of one of its highways, the result of which was to unnecessarily cast upon plaintiff's land large quantities of surface waters which otherwise would not have reached his premises. Plaintiff had a verdict, and defendant appealed from an order denying a new trial.

Two questions are presented: (1) Whether the evidence supports the verdict; and (2) whether the court erred in denying defendant's motion to dismiss the action for the alleged failure of plaintiff to comply with G. S. 1913, § 1199.

1. The case on its merits comes within the rule applied in Gunnerus v. Town of Spring Prairie, 91 Minn. 473, 98 N. W. 340, 974, and cases therein cited. And our examination of the record leads to the conclusion that the evidence sufficiently supports the verdict. The trial court has approved the result and we discover no reason for interference.

2. Section 1199, G. S. 1913, provides that no action upon any claim for which a money judgment only is demanded shall be maintained against any town until a statement of such claim shall have been filed in the office of the town clerk. In this case the statement was made and filed on the twenty-first day of October, 1915, and the action was

commenced the day following, or on October 22. The contention of defendant is that the action was prematurely brought, that plaintiff should have permitted sufficient time to elapse between the filing of the statement and the commencement of the action to enable the town board to consider and act upon the claim, and to allow it if found to be a town liability, and to disallow it if not such liability. There is force in the contention that the legislature, by requiring all claims against towns to be filed with the town clerk as a condition precedent to the right to maintain an action thereon, intended something more than a mere formality, and that, if the statute is to serve any useful purpose, it should be construed to suspend the right of action for a reasonable time after the claim is filed to permit the board of supervisors to inquire into and allow or disallow the same.

But if that be the proper view of the statute, a question we do not determine, it is clear that the answer of defendant in this case does not properly raise the question. It is not alleged that defendant was not afforded a sufficient opportunity to pass upon the claim. On the contrary, it appears from the answer that the town board had full notice of plaintiff's demand by a former action, which was dismissed, and for aught that appears may have been in session when the claim was filed with the town clerk. At any rate by not specifically raising the question by the answer, and joining issue upon the merits of the claim, defendant waived the point and cannot now complain.

Order affirmed.