## NELLIE M. KIEFER v. COUNTY OF RAMSEY.[1]

April 26, 1918.

No. 20,812.

**County liable for diversion of surface water.**

   1. The act of a municipal corporation while engaged in improving one of the public highways thereof in diverting the flow of surface waters from their natural channel and by artificial means casting them in destructive quantities upon private property constitutes a trespass for which the municipality is liable without regard to the question of negligence.

**Same — liability of county same as that of an individual.**

   2. The liability in such case is the same as that of an individual who commits a like act. O'Brien v. City of St. Paul, 25 Minn. 331, followed and applied.

Action in the district court for Ramsey county to recover $5,000 damages for the construction of a sewer. The case was tried before Dickson, J., and a jury which returned a verdict for $219. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

   *Richard D. O'Brien* and *Harry H. Peterson,* for appellant.

   *Albin E. Bjorklund,* for respondent.

BROWN, C. J.

Some time during the year 1909, the board of county commissioners of Ramsey county, acting under the general drainage statutes of the state, completed the construction of a public ditch, theretofore ordered laid for the purpose of draining certain lands lying in the vicinity of Gervais lake in that county. The drain was an open ditch until it reached Arcade street where the waters were turned into a sewer, constructed under that street as a part of the drain, and thence again in an open ditch to Gervais lake. It was discovered some 4 or 5 years later that the sewer under the street was inadequate to take care of the waters collected in

[1]Reported in 167 N. W. 362.

the ditch, and that by the overflow of manholes and other causes considerable damage had been done to the surface of the street. To obviate that situation and prevent further damage to the street the county surveyor was authorized by the county board to make such changes and alterations as would be sufficient for the purpose. To accomplish this the surveyor closed the sewer under Arcade street, and constructed a new one some 64 feet in length, and by that means changed the flow of the waters to a gutter extending between plaintiff's property and a public road, and thence into Gervais lake. By this change the waters were diverted from the old channel and in time of high water caused to flow directly upon and against the property of plaintiff; when, if the change had not been made, the waters thus collected would not have reached her premises at all.

In the spring of 1916 the waters came down this new route, and with such violence as to wash away the banks of plaintiff's land, and to carry gravel and débris over and deposit the same upon the low parts thereof. She brought this action for damages and had a verdict for $219. Defendant appealed from an order denying its motion for judgment or a new trial.

The court below held, and the introduction of evidence was limited accordingly, that the act of defendant in diverting the waters from the original channel and causing them in time of high water to flow upon and against the land of plaintiff was a trespass, subjecting defendant to liability without regard to the question of negligence. Our examination of the record leads to the same conclusion.

It is not a case where consequential injury results from negligence in the rightful improvement of a public street or highway. But rather one where injury results from the wrongful act of diverting the flow of surface waters, collecting them in an artificial channel and casting them in destructive quantities upon private property. The record furnishes no basis for a conclusion that the change in the course of the drain was necessary to effect the improvement of the street; in fact it seems clear that other methods could have been adopted which would not have resulted in injury to the property of ony one. The facts bring the case within the rule stated and applied in O'Brien v. City of St. Paul, 25 Minn. 331, 33 Am. Rep. 470, and similar cases which will be found cited

in 1 Notes on Minn. Reports, 1212. A further discussion of the facts or the law will serve no useful purpose. The rule fully disposes of all the questions presented by the assignments of error, and the case cannot be distinguished along the lines suggested by counsel for defendant. If the acts complained of had been committed by an individual there would be no question of his liability, regardless of the question of negligence. The municipality is equally liable. Lindstrom v. County of Ramsey, 136 Minn. 46, 161 N. W. 222.

There appears to have been no request that the trial court submit to the jury the question whether the flow of water on the occasion of the injury was so extraordinary and unusual as to relieve defendant of responsibility, and we discover no reason for holding as a matter of law that defendant was not bound to anticipate the probable appearance of the quantity of water here shown. Section 5565, G. S. 1913, does not apply.

Order affirmed.