### JACOB NEWMAN v. COUNTY OF ST. LOUIS.[1]

February 6, 1920.

No. 21,306.

**County not liable for neglect of public duty in absence of statute.**

1. Counties are governmental agencies, and, unless the right is given by Constitution or statute, no private action lies for their neglect of

[1]Reported in 176 N. W. 191.

public duty. A county is not liable for consequential injuries to adjacent property resulting necessarily from the improvement of a highway. It is liable for positive trespass committed in making such improvements.

**Liability of county for damages to land adjacent to highway.**

2. Liability is not limited to cases of positive trespass. As respects adjacent property, the county in possession of a highway stands in the position of owner, with the same liability as a private owner for damages to adjacent lands caused by acts done in the management and control of the highway.

**Liability of county for negligence in respect to fire — complaint sufficient.**

3. A complaint alleging that a county, while clearing and opening a county road, negligently set fire to inflammable brush and refuse within the road, and negligently tended the fire, so that it spread and damaged adjacent property, states a cause of action.

Action in the district court for St. Louis county to recover $838. From an order, Fesler, J., sustaining defendant's demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, plaintiff appealed. Reversed.

*H. J. Grannis,* for appellant.

*C. E. Adams,* Special Attorney for St. Louis County, for respondent. *John Jenswold* and *John D. Jenswold,* filed a brief as amici curiae.

HALLAM, J.

The complaint alleged that the defendant, county of St. Louis, while engaged in clearing, opening and improving a county road, known as the Macon road, negligently set fire to certain inflammable brush and refuse within the road, and negligently tended the fire, and that, as a result, the fire spread to plaintiff's land adjacent to the road, and destroyed his buildings and their contents. Defendant demurred to the complaint on the ground that it failed to state a cause of action. The trial court sustained the demurrer. Plaintiff appeals.

1. No case just like this has heretofore come to this court. It has frequently been held that counties and towns are local agencies, through which the governmental functions of the state are exercised within their territorial limits, and that, unless the right is given by Constitution or statute, no private action can be maintained against the municipality

for the neglect of a public duty from the performance of which it receives no pecuniary reward. Snider v. City of St. Paul, 51 Minn. 466, 471, 53 N. W. 763, 18 L.R.A. 151.

Applying this principle, it has been held, that, in the laying out of highways, and keeping them in repair for the purpose of travel, the municipality is performing a governmental function or a duty which it owes to the public and is not liable to travelers, either for neglect to repair, Dosdall v. County of Olmstead, 30 Minn. 96, 14 N. W. 458, 44 Am. Rep. 185; Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W. 877, 44 Am. Rep. 191, or for negligence in the manner of making repairs, as by leaving an unguarded excavation in the highway, Weltsch v. Town of Stark, 65 Minn. 5, 67 N. W. 648, though a different rule has been made in case of cities and villages. The distinction is wholly "artificial" and "not supported by legal reason or analogy." 5 Thompson, Law of Neg. § 5822; Snider v. City of St. Paul, 51 Minn. 466, 472, 53 N. W. 763, 18 L.R.A. 151.

It is also held that, in the absence of constitutional or statutory provisions, a municipality is not liable for consequential injuries to adjacent property, resulting necessarily from the improvement of a highway, although it may result in substantial damage, as from increased flow of water upon adjacent land. Pye v. City of Mankato, 36 Minn. 373, 31 N. W. 863, 1 Am. St. 671; Lee v. City of Minneapolis, 22 Minn. 13; 5 Thompson, Law of Neg. § 5901.

On the other hand, it has been held that a county or town may not cause a positive trespass upon the lands of an adjacent proprietor. Pye v. City of Mankato, 36 Minn. 373, 31 N. W. 863. This is a breach of a duty owing, not to the public at large, but to the private owner; 5 Thompson, Law of Neg. § 5792. The liability has been frequently enforced in flowage cases, where the municipality, in the course of improvement of a highway, has collected surface waters in artificial channels, and cast them in destructive quantities upon private property. Kobs v. City of Minneapolis, 22 Minn. 159; Peters v. Town of Fergus Falls, 35 Minn. 549, 29 N. W. 586; Oftelie v. Town of Hammond, 78 Minn. 275, 80 N. W. 1123; Gunnerus v. Town of Spring Prairie, 91 Minn. 473, 98 N. W. 340, 974; Halvorson v. Town of Moranville, 137 Minn. 349,

163 N. W. 673; Kiefer v. County of Ramsey, 140 Minn. 143, 167 N. W. 362.

2.   Although in the cases cited there was positive trespass on the land of another, the principle stated in all of them, and the principle on which the decisions rest, is not limited to positive trespass.   This court has impressed the principle that the duty imposed upon a county to construct highways and keep them in repair "puts it in possession and control of them for those purposes, and gives it a qualified or special property in the land over which they run," so that it stands, so "far as respects adjacent property, in the position of owner," with the same liability as a private owner for damages to adjacent lands caused by acts done in "the management and control of the highway."   Peters v. Town of Fergus Falls, 35 Minn. 549, 29 N. W. 586; Gunnerus v. Town of Spring Prairie, 91 Minn. 473, 98 N. W. 340, 974; Lindstrom v. County of Ramsey, 136 Minn. 46, 161 N. W. 222.

3.   The acts alleged in the complaint in this action would render a private owner liable, if done by him on his own land.   The county is liable to the adjacent owner for damages caused by such an act, whether the act be an act of trespass which would create liability regardless of negligence, or the negligent performance of an act which the county might rightfully perform in a proper manner.   This is in accord with the principles stated in Kobs v. City of Minneapolis, 22 Minn. 159, 164, and McClure v. City of Red Wing, 28 Minn. 186, 193, 9 N. W. 767.   See also 4 Dillon, Mun. Corp. § 1743; 1 Elliott, Roads & Streets, § 580.   Kiefer v. County of Ramsey, 140 Minn. 143, 167 N. W. 362, contains nothing out of harmony with this rule.   We are neither extending nor restricting the rule of our former decision as to the liability of counties for acts of their officers, but applying their principle.   We are unable to draw any distinction in principle between acts which cause a trespass by the invasion of flowing water, which the agents of the county negligently fail to control, and those which cause damage by the invasion of fire, which agents of the county negligently fail to control.

Order reversed.