## ROSE T. CLARK v. CITY OF BRAINERD.[1]

May 29, 1941.

No. 32,788.

*W. W. Bane,* for appellant.
*Ryan, Ryan & Ryan,* for respondent.

HILTON, JUSTICE.

While constructing a storm sewer upon one of its streets, the city of Brainerd, through its employes, discovered that a house drain running from respondent's building to the sanitary sewer system occupied approximately the same level as that being used for the storm sewer. To remove the obstacle, it was decided that the house drain should be dropped to a lower level. Thereupon a lateral ditch was dug which followed the drain back to its source under the respondent's building. The removal of dirt from beneath the front wall of the building caused the wall to sag and crack. Respondent brought action against the city for trespass.

In denying the city's motion for a directed verdict, the trial

[1]Reported in 298 N. W. 364.

judge held that the facts showed a trespass as a matter of law and submitted to the jury only the question of damages. On this appeal from an order denying a motion for judgment notwithstanding the verdict or a new trial, the only question presented is whether the trial judge erred in holding that the liability of the city was not excused by *ultra vires*. The city urges that the act of going upon respondent's property for the purpose of lowering the level of the drain was never authorized by the city council nor contemplated in the plans which it approved.

Conceding this to be true, yet the decision below must stand. Cities in the class of Brainerd are specifically authorized by statute "to construct * * * sewers and private drains." 1 Mason Minn. St. 1927, § 1713. Thereunder, various steps were taken by the Brainerd city council with respect to the necessary plans, bids, meetings, etc. Supervision over the project belonged to the city engineer and the consulting engineers hired by the city. Under their contract, broad powers of supervision and inspection were conferred. Under the city charter, the city engineer had "supervision and general charge of all work done * * * on any sewers." He "shall direct the manner of performing all such work." There is nothing in the various resolutions passed by the city council that can be construed as a limitation upon these broad powers.

When it was discovered that the project could not go forward in accordance with the plans because of the obstruction occasioned by the respondent's house drain, the engineers authorized use of the remedy already described. Under the evidence, we have no doubt that they possessed ample discretion over this detail of the work. Specific authorization of the trespass by the city council was not necessary. *Cf.* Newman v. County of St. Louis, 145 Minn. 129, 176 N. W. 191. The city failed to make out its defense.

Order affirmed.