CLETUS P. DUNN AND OTHERS v.
COUNTY OF RAMSEY.

184 N. W. (2d) 773.

March 5, 1971—No. 42259.

*William B. Randall,* County Attorney, and *Thomas M. Quayle,* Assistant County Attorney, for appellant.

*John J. Flanagan,* for respondents.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

Defendant, Ramsey County, appeals from a judgment against it for flood damage to plaintiffs' property arising out of public road construction.

Defendant made extensive improvements to Carver Avenue, between Highway No. 61 and McKnight Road, in 1950 and regraded McKnight Road, north of its intersection with Carver Avenue, in 1960. Plaintiffs' property, used by them for homesites and various business activities, is located immediately to the south of Carver Avenue, at the foot of a steep hill.

Both the causal relationship of these road improvements to the flooding of plaintiffs' land and the defendant municipality's participation in the damage-producing activities rest primarily upon the trial court's findings of fact which we hold are not without adequate evidentiary support.

Defendant's road construction, accomplished under contract with a private construction company, involved the installation of two catch basins for surface water drainage from Carver Avenue and piping of the waters from these basins to a natural ravine on private lands adjacent to plaintiffs' property. Defendant, acknowledging that the projected improvement might result in an increased flow of water through the ravine and across plaintiffs' land, had unsuccessfully solicited a flowage easement and release of liability from plaintiff Cletus Dunn with respect to any damages that would result.

The contractor, in the course of the construction, deposited large quantities of spoil materials into the ravine at a point on a neighboring landowner's property. The construction contract provided that such surplus materials were to be disposed of in the vicinity of the construction, subject to the supervision of defendant's engineer. The dam was created with the engineer's knowledge and with permission of the neighboring landowner.

The two road construction projects had altered the natural drainage of the land north of Carver Avenue, causing greatly increased flow of water into the ravine, and these waters became

impounded behind the artificial earth dam. Notwithstanding plaintiffs' repeated protestations of the hazard, defendant undertook no corrective action. The dam was breached by the force of the impounded water in the spring of 1965, causing substantial damage to plaintiffs' property from the flooding that thereafter occurred.

These findings support the trial court's conclusion that defendant is itself liable for plaintiff's damage. Lindstrom v. County of Ramsey, 136 Minn. 46, 161 N. W. 222; Greenwood v. Evergreen Mines Co. 220 Minn. 296, 19 N. W. (2d) 726. Because the action was instituted only against defendant county, we do not determine its right against its contractor or the neighboring landowner for indemnity.

Affirmed.