ANNA O. OFTELIE v. TOWN OF HAMMOND.

December 7, 1899.

Nos. 11,820—(166).

Surface Water—Negligence.

In an action against a town, based upon its alleged negligence in constructing and maintaining certain culverts across the grade of one of its highways, whereby surface water was collected and discharged upon the plaintiff's land, to her injury, *held*:

Rights and Duties of Town.

That the trial court did not err, in refusing to charge the jury that a town, in the disposition of surface water, has the same rights, and is

subject to the same liabilities, as an individual, for the reason that it was an abstract proposition as to this case.

**Liability of Landowner.**

That the liability of a landowner for diverting surface water proper, to the injury of another, depends upon the necessity and reasonableness of his act. Sheehan v. Flynn, 59 Minn. 436, followed.

**Refusal to Charge Jury.**

The rule that the court is not bound to give a request which has been substantially and plainly given in the general charge, applied.

**Acts of Town Supervisors.**

That an instruction to the effect that a town is not liable for the acts of its supervisors which are done in the execution of some merely private purpose, although not relevant to any issue, was not reversible error, in view of the undisputed facts of this case.

Action in the district court for Polk county to recover $2,000 damages sustained by reason of defendant's negligence in causing surface water to flow on plaintiff's land. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Ole J. Vaule,* for appellant.

*L. E. Gossman,* for respondent.

START, C. J.

The plaintiff is the owner of the southwest ¼ of section 22 in the defendant town, along the east side of which there is a public highway. She brought this action to recover damages which she claims to have been sustained by reason of the defendant's negligently constructing and maintaining a culvert across the grade of such road at the northeast and at the southeast corners of her land, thereby causing the surface water collected in the ditches along the road to flow upon her land in destructive quantities. Verdict for the defendant, and the plaintiff appealed from an order denying her motion for a new trial. The assignments of error relate solely to the instructions of the court to the jury, and to its refusal to give certain special requests on behalf of the plaintiff.

Section 22, of which the plaintiff's farm is a part, and section 15,

adjoining it on the north, are flat, prairie land, with no well-defined water courses or channels. The evidence on the part of the plaintiff tended to show that the east ½ of section 22, and 60 acres of the southeast corner of section 15, sloped slightly towards the south, and that in the absence of roads, drains, ditches, or culverts mentioned in the complaint, the surface water therefrom would naturally flow south, along natural depressions in the prairie, without going upon the plaintiff's land, but that, by reason of such roads, ditches, and culverts maintained by the defendant, such surface water was discharged upon the plaintiff's land in destructive quantities. The evidence on the part of the defendant tended to show that section 22 slopes to the west and northwest, and that the natural drainage of the surface water from the east ½ of the section is to the west, and over the plaintiff's land, and that before the road, ditches, and culverts were constructed, it flowed upon the plaintiff's land.

It is admitted that from the center of section 22 there is a road maintained by private parties, with a ditch on the north side of it, running to the east line of the section, and that this ditch connects with the culvert at the northeast corner of plaintiff's land. On the south side of a road going east and west on the south side of the section there is a large drainage ditch, and plaintiff's evidence tends to show that the waters complained of by her might have been reasonably drained into this ditch without damage to any one. The evidence on the part of the defendant tends to show that the two culverts in the north and south grade were necessary for the proper construction and drainage of the highway, and that the ditches and grades were properly constructed and laid out, and that they benefited the road and the adjoining land,—particularly plaintiff's land; that in their construction there was no negligence on the part of the town, or its officers in charge of the work; and that all of the work, culverts, and ditches were necessary; and that proper outlets were made for all.

1. The first assignment of error is that the court erred in refusing to give to the jury plaintiff's first request, which was this:

"In regard to drainage and the disposition of surface water a

town has the same rights, and is subject to the same liabilities, as an individual." `

This request states the law correctly, but it is an abstract proposition as to this case. Counsel for plaintiff, however, claims that it ought to have been given, for the reason that, public roads being a public necessity, it would be natural for the jury to believe that the town, in draining its roads, had greater rights than a private owner would have to drain his land. But the request does not attempt to define the rights and liabilities of an individual owner as to surface water, and, if given, it could not legitimately have been of any assistance to the jury. The court is not bound to give to the jury a request to charge, although correct in the abstract, which does not bear upon the issues on trial. Wilcox v. Chicago, M. & St. P. Ry. Co., 24 Minn. 269. The trial court did not err in refusing the request.

2. The plaintiff's second and third requests were as follows:

"A landowner or occupant of land, whether a town or an individual, cannot collect surface water in drains and ditches, and lead it out of its natural course, and throw it upon the land of another in large and destructive quantities, to the latter's damage, when it naturally would flow in some other direction. One may assist nature in hastening surface water onward in its flow, but cannot lawfully divert water out of its natural course, to the damage of another."

The refusal of the court to give them is assigned as error. They were rightly refused, for the reason that, as applied to surface water, they were an incomplete statement of the law, and liable to mislead, in that they omitted the element of necessity and reasonableness of the act of collecting and discharging the surface water. Brown v. Winona & S. W. Ry. Co., 53 Minn. 259, 55 N. W. 123; Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462; Burnett v. Great Northern Ry. Co., 76 Minn. 461, 79 N. W. 523.

Counsel for the plaintiff relies upon the last case cited in support of his contention that where there is an actual diversion of surface water, to the injury of another, the doctrine of reasonable necessity does not apply. That was a case of the diversion of a natural water course, and it has no application to a case like the one we are con-

sidering, which is one relating exclusively to the collection and discharge of surface water. The case of Sheehan v. Flynn, supra, which, in effect, holds that the liability of a landowner for diverting surface water proper, to the injury of another, depends upon the necessity and reasonableness of his act, has been practically approved in three subsequent cases. See Gilfillan v. Schmidt, 64 Minn. 29, 66 N. W. 126; Jungblum v. Minneapolis, N. U. & S. W. R. Co., 70 Minn. 153, 157, 72 N. W. 971; Burnett v. Great Northern Ry. Co., supra. And it would seem that the decision ought now to be accepted as the law of this state, without further dissent. The truth is that nearly every drainage ditch diverts surface water, to the injury of others, to a greater or less degree; and to hold, in accordance with the requests of the plaintiff, that it cannot lawfully be so diverted, no matter what the reason or necessities of the case may be, would seriously embarrass the building of public roads and the drainage of agricultural lands in the Red River valley and other parts of the state.

The plaintiff's ninth request was also properly refused. It was the last of a series of nine requests, and was substantially this:

"If you find from the evidence that the culvert * * * at the northeast corner of plaintiff's land was not reasonably necessary to the proper construction of defendant's road; that, under the foregoing instructions, the placing of said culvert at that place was negligence; and that the culvert and the road ditch connected therewith, and extending eastward therefrom, combined in collecting and carrying surface waters out of their natural course, and throwing them upon the plaintiff's land, where they could not otherwise go, —the defendant is liable for the damages caused by the waters conveyed through said culvert, although the road extending east therefrom is not a public highway, and the ditch along the north side of this road was not built or maintained by the defendant town."

This instruction is indefinite and misleading. It leaves in doubt the question whether the defendant's negligence in the premises is to be determined by the criterion of reasonable necessity for its acts, or by the test given in "the foregoing instructions." If the latter, it was clearly erroneous, for the second and third requests of the plaintiff, which we have considered, were a part of them. Indefinite and misleading instructions ought always to be refused.

3. The plaintiff also requested the court to charge the jury that:

"If there was a natural drain within a reasonable distance, into which the surface water complained of could have been reasonably drained without damage to the plaintiff, then it was the duty of the defendant so to do; *and it would then be negligence to discharge the waters in question upon the land of the plaintiff.*"

This, plaintiff's counsel concedes, was refused by the court because it had been given in the general charge. He also concedes that all of the requests were substantially given, except the last sentence thereof, which is printed in italics. This sentence is the natural and necessary conclusion from so much of the request as was given. The court also instructed the jury that the plaintiff's action was to recover damages by reason of the defendant's negligence in constructing and maintaining the culverts in question, thereby causing water to flow upon her land, and that, in collecting and conveying surface water, one must do what is reasonable, under all the circumstances, to turn it to some natural drain or course in which it will do the least injury to his neighbor. We are of the opinion that the plaintiff's request was substantially and plainly covered by the general charge, and the court was not bound to repeat it.

4. The trial court instructed the jury that the acts of the supervisors in opening and making highways are the acts of the town, for which it is liable, but the town is not liable where their acts are not for the purpose of improving the highway, but for some private purpose,—for instance, to drain private lands. The plaintiff excepted to the part of the instruction as to the nonliability of the town. The instruction was correct, as an abstract proposition. See Peters v. Town of Fergus Falls, 35 Minn. 549, 29 N. W. 586. But it was not relevant to any issue in the case. It was not, however, reversible error to give it, for it appears from the whole record that the plaintiff could not have been prejudiced thereby. The gist of the plaintiff's cause of action, as clearly stated to the jury in the charge of the court, was the alleged negligence in constructing and maintaining the culverts in question. That the acts of supervisors as to the culverts, and as to all they did, were the acts of the town, was un-

questioned on the trial; and the issue submitted to the jury was, not whether such acts were without the general scope of the authority of the supervisors, but whether such acts were negligently performed.

Order affirmed.