### CHARLES WERNER and Others v. JOSEPH POPP.[1]

January 20, 1905.

Nos. 14,145—(193).

**Surface Water.**

The common-law rule that surface water is a common enemy, which the owner of lands may convey therefrom by ditches or drainage, subject to the modification that in so doing he may not cause unnecessary or unreasonable damage, as laid down in Brown v. Winona & S. W. Ry. Co., 53 Minn. 259, and Sheehan v. Flynn, 59 Minn. 436, is adhered to and followed as the law of this state.

Appeal by plaintiffs from an order of the district court for Benton county, Searle, J., denying a motion for a new trial, after a trial and findings in favor of defendant. Affirmed.

*Stewart & Brower,* for appellants.

*J. D. Sullivan,* for respondent.

[1] Reported in 102 N. W. 366.

LOVELY, J.

This was an equitable suit for an injunction to restrain defendant from maintaining a ditch on his farm lands whereby a quantity of surface water accumulating thereon was transferred therefrom to the lands of the plaintiffs, who were lower proprietors, to the detriment and injury of the latter. The court made findings of fact, and denied the relief asked. There was a motion for a new trial, which was refused. From this order plaintiffs appeal.

This review brings again to this court the very much discussed question of the right of the owners of agricultural property to improve the same by transferring through ditches and drainage the surface waters thereon to adjacent proprietors. The short facts necessary to an understanding of the questions involved may be briefly stated: Plaintiffs were the owners of about four hundred acres of land in section 8, township 38, range 31, in Benton county, which were contiguous. This tract of land lies south of a highway on either side of which public ditches were constructed and in operation. North of this highway defendant was the owner of a farm of one hundred twenty acres in section 5 of the same town. Some fifty rods from the highway, on defendant's land, there were about twenty five acres of ordinary lowland, which was worthless in wet seasons, but reclaimable for agricultural improvement by means of drainage, which defendant attempted to secure by the construction of a ditch running in a southerly direction to the public ditch. This drain was constructed entirely on defendant's own land. The court found, and it is not disputed, that defendant diverted no natural watercourse, and was guilty of no unreasonable exercise of care or duty in this respect, but adopted the most feasible and practical method of securing the drainage he desired.

In the construction of defendant's ditch, which is sought to be enjoined, the defendant's pasturage was reclaimed, but the surface waters were transmitted through the artificial channel he created into the public ditch, through which they flowed easterly to a depression or dry run extending southerly upon plaintiffs' lands, and by means thereof not only were waters transmitted from the defendant's land, but from lands east and west thereof, to what extent the court was unable to determine. The water thus transmitted through a natural runway or depression flowed into two ponds on the land of plain-

tiffs, and to a considerable extent damaged and injured the pasturage surrounding the same, the extent of which the court was unable to ascertain, and we do not, in the disposition of this case, consider it material.

There are numerous decisions of this court in which has been considered the right of an upper proprietor to improve his land at the expense of lower proprietors, where to do so it became necessary to secure by drainage his own improvement at the expense of his neighbor. There was much confusion in the law on the subject when the case of Brown v. Winona & S. W. Ry. Co., 53 Minn. 259, 55 N. W. 123, was decided, in which the then chief justice of this court reviewed the previous decisions and stated the rule as follows: When an owner improves his land for the purpose for which such land is ordinarily used, doing only what is necessary for that purpose, and being guilty of no negligence in the manner of doing it, he is not liable because, as an incident of so improving, surface waters accumulate and flow in streams upon the lands of others. The test of liability must be, is the injury incidental to another man doing on his own land what he has a right to do, i. e., improve it for the purposes for which such land is ordinarily used, doing what is necessary for that purpose? This is an exceedingly clear statement of the law applicable to the subject, but is somewhat confused by a qualification in these words: "It must, however, be understood that one cannot improve his own land by merely transferring waters which would naturally rest upon it to the land of another." An examination of the record in this case discloses very clearly that by this qualification no more was meant than that such improvement must be necessary, and that the course pursued is practical, proper, and the least calculated to occasion injury which the circumstances will permit. That this was the result intended to be reached in that case is clearly indicated by the decision in Oftelie v. Town of Hammond, 78 Minn. 275, 80 N. W. 1123. And that this court regards itself as fully committed to the doctrine that surface waters are to be considered a common enemy, which may be thrown from the owner's land upon a lower proprietor, subject to the rule of "sic utere," even though it may injuriously affect him, was decided after full and thorough examination of all the authorities relating to the subject in Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462.

The learned counsel for appellant realizes the force and effect of this decision, and combats the reasoning therein with much ability; but after a full consideration of the claims submitted on this review we are constrained to adhere to the rule there laid down that surface water is a common enemy, which each owner may get rid of as best he can, subject to the modification that he must so use his own as not unnecessarily or unreasonably to injure his neighbor; and that under this rule the right of defendant to remove the surface water from his own land by ditches, though it flows upon that of his neighbor, if it is necessary for improvement, and not unreasonably done, is a privilege incident to his right of ownership.

Order affirmed.[2]

---

[2] For opinion on reargument, see infra, page ——.

