## FRANK PETERSON v. E. A. LUNDQUIST.[1]

December 31, 1908.

Nos. 15,798—(97).

**New Trial.**

The failure or inability of a court reporter to furnish the defeated party with a transcript of the evidence is no ground for a new trial.

**Rule of Erhard v. Wagner—Surface Water.**

The findings of the trial court, taken as a whole, bring the case within the rule of Erhard v. Wagner, 104 Minn. 258, on the subject of surface waters, and sustain its conclusion of law.

Action in the district court for Traverse county to restrain defendant from casting water upon plaintiff's land, and from interfering with the ditches of plaintiff, and for $933 damages caused to plaintiff's crops and land by the flow of water in the years 1903, 1904, 1905 and 1906 from defendant's land due to defendant's opening several ditches. Defendant's answer asked for $1,050 damages on several counterclaims and an order prohibiting plaintiff from maintaining any dams or em-

[1] Reported in 119 N. W. 50.

bankments across certain natural depressions or drains. The case was tried before Flaherty, J., who made findings and as conclusions of law refused to enjoin defendant from maintaining a specified ditch, but prohibited him from maintaining a certain other ditch, ordered plaintiff to remove a furrow and embankments obstructing the flow of surface water on his land, perpetually enjoined defendant from maintaining the ditch across his land near the westerly line thereof and ordered him to fill up the ditches and not to interfere with the embankments constructed by plaintiff. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Charles E. Houston* and *Thomas Kneeland,* for appellant.

*F. W. Murphy,* for respondent.

BROWN, J.

Action to restrain and enjoin the maintenance by the defendant of a drainage ditch, constructed by him upon his premises, the result of which plaintiff claims unreasonably and unnecessarily casts large quantities of surface water upon his farm, which adjoins that of defendant, to the injury and damage of the same. The trial below was before the court without a jury, and resulted in findings and conclusions of law awarding judgment in plaintiff's favor substantially as prayed for in the complaint. Thereafter defendant moved for a new trial and for modified findings of fact, which was denied. Judgment was entered for plaintiff, and defendant appealed. No "case" was ever settled, defendant being unable to procure from the court reporter a transcript of the evidence and proceedings of the trial; and the cause comes to this court upon the pleadings, findings, and other documents, made a part of the record subsequent to the filing of the order for judgment.

1. One of the grounds for the motion for a new trial was "irregularity in the proceedings of the court and the plaintiff, and abuse of discretion, whereby the defendant was deprived of a fair trial." The basis of this is the conduct of the court reporter in failing and refusing to provide defendant with a transcript of the evidence. It appears from the record before us that the reporter who acted at the trial subsequently resigned, and that defendant's counsel have not been able to procure from him either a transcript or his original notes of the evidence. The fair inference from the affidavits found in the record is

that the reporter had lost his stenographic notes and therefore could not comply with defendant's repeated request for a transcript.

The decision of the court was filed August 1, 1907, and several stays of proceedings were subsequently ordered to enable defendant to complete the record, but to no purpose, and judgment was finally entered April 30, 1908. There was clearly no abuse of discretion in the refusal of the trial court to further delay the judgment. It was manifest that a transcript could not be obtained. But the conduct of the reporter, or his failure or inability to furnish a transcript, is not an irregularity of the court, within the meaning of the statutes on the subject of new trials. The irregularities there referred to have reference to proceedings had during or before the trial, and which resulted to the prejudice of the complaining party, and not to occurrences or conduct of court officers happening after the trial.

The inability of the reporter to furnish a transcript was, therefore, no ground for a new trial. Butts v. Anderson (Okl.) 91 Pac. 906. We need not stop to consider just what authority the trial court would possess in a case of this kind respecting the settlement of a case or bill of exceptions from the best sources at hand, for no effort was made to so proceed in this case; defendant resting upon the contention that the inability of the stenographer to furnish a transcript was a sufficient reason for granting a new trial. It is probable that the procedure before the days of shorthand reporters might be adopted, in which case a very large discretion would be necessarily vested in the trial court in making up the record and acting thereon. But it would be a dangerous rule to hold that a loss of some of the records in a particular case was a good and sufficient reason for granting a new trial. The statutes do not authorize it, and the court should not open the gate to a new field for prolonging litigation.

2. The only question upon the merits of the case is whether the conclusions of law are supported by the findings of fact. In the absence of the evidence, we cannot determine whether the court erred in denying defendant's motion to amend the findings. We are controlled by the presumption that the findings are fully supported by the evidence. We therefore pass that question without further remark. In respect to the further claim that the facts found do not sustain the conclusions of law, we have only to say that our examination of the findings does

not confirm defendant's contention. The findings bear evidence of having been very carefully drawn by the trial court, and though the ingenuity of appellant's counsel has brought to light an apparent conflict between portions thereof in reference to the natural drainage leading from defendant's land, the conflict would undoubtedly be explained by the evidence, could it be examined. The learned trial court clearly did not intend to find that a natural outlet for the water collected in defendant's ditch was "uphill"; and while certain elevations or levels given in the findings seem to indicate that situation, they by no means control the specific findings that defendant could have delivered the water collected in his ditches to a natural drain to the east of his land, and thus avoided injury to plaintiff. On the whole, the findings bring the case within the rule that a person may rid his land of surface water the best he may, even to the injury of his neighbor, provided his efforts in that direction be reasonably necessary for the purpose and do not unnecessarily damage others. If he can deliver the waters into a natural drain, he must do so. This the trial court found defendant could reasonably do; and this general conclusion, which is indicated by specific findings, controls over the apparent discrepancy as to elevations in some parts of the adjoining land. The facts bring this case within Erhard v. Wagner, 104 Minn. 258, 116 N. W. 577, and other earlier cases.

3. We discover no reversible error in the matter of taxation of costs, nor in any of the other matters urged in the appellant's brief.

Judgment affirmed.