# ERNEST L. HOPKINS v. GEORGE S. TAYLOR.[1]

February 26, 1915.

Nos. 19,055—(261).

**Surface water — duty of landowner.**

1. A landowner may rid his land, for any legitimate purpose, of surface waters, even to the injury of the land of another, but in doing so he must use all reasonable means to avoid unnecessary injury to the land of others. If it be practicable to deliver the water drained into a natural drain or watercourse, it is the duty of the landowner to do so, but circumstances may justify him in cutting through a watershed or in draining a marsh or pond that has no natural outlet.

**Finding — evidence — injunction.**

2. The evidence in this case sustains the findings of the trial court that the route taken by defendant in draining a marsh with no natural outlet was the most natural and feasible one, and that defendant used all reasonable means in constructing his drain so as not unnecessarily to injure plaintiff's land, and plaintiff's prayer for an injunction restraining the improvement was properly denied.

Action in the district court for Washington county to enjoin defendant from draining his swamps or wet lands by tiles, open drains or otherwise in such manner as to bring down onto the land of plaintiff any water that would otherwise be gathered and held in the swamps and low places on defendant's land. The case was tried before Stolberg, J., who made findings and dismissed the action on its merits. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*J. N. Searles,* for appellant.

*W. B. Taylor,* for respondent.

HALLAM, J.

Plaintiff and defendant own adjoining forties of land. Defend-

[1] Reported in 151 N. W. 194.

Note.—The authorities on the question of the right to collect or divert water in masses are gathered in a note in 21 L.R.A. 595.

ant's land lies to the north of plaintiff's. On the westerly side of defendant's land is a marsh of about 4.5 acres with no natural drainage. Defendant undertook to drain this marsh by a system of tile drainage, running southeasterly into a somewhat larger marsh, which extends on both sides of the line between the land of plaintiff and defendant. The result was to throw into this marsh and upon the land of plaintiff somewhat more surface water than naturally flowed there, and plaintiff brought this action to enjoin defendant from installing this system of drainage. The court denied the injunction.

The law of the case is well settled. "The old common-law rule that surface water is a common enemy, which each owner may get rid of as best he can, is in force in this state, except that it is modified by the rule that he must so use his own as not unnecessarily or unreasonably to injure his neighbor." Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462, 26 L.R.A. 632, following O'Brien v. City of St. Paul, 25 Minn. 331, 335, 33 Am. Rep. 470. To the end that land shall be made productive, "a landowner may rid his land, for any legitimate purpose, of surface waters, even to the injury of the land of another; but in doing so he must use all reasonable means to avoid unnecessary injury to the land of others—that is, he cannot, in draining his own land, cause unreasonable or unnecessary injury to the land below. What is reasonable in such cases depends upon the special facts of each particular case." Rieck v. Schamanski, 117 Minn. 25, 32, 134 N. W. 228. If it be practicable to deliver the water drained, into a natural drain or watercourse, it is the duty of the landowner to do so. Peterson v. Lundquist, 106 Minn. 339, 342, 119 N. W. 50, but it is not indispensable that the artificial drainage be along the natural course of drainage. Circumstances may warrant the landowner in cutting through a watershed, or in draining a marsh or pond that has no natural outlet or course of drainage. Whether the course pursued follows the natural course of drainage is an important factor in determining the question of reasonable use, but it is not controlling. Howard v. Illinois Central R. Co. 114 Minn. 189, 130 N. W. 946; Rieck v. Schamanski, 117 Minn. 25, 134 N. W. 228. Any failure to observe the duty of reasonable care in such matters is negligence and renders the land-

owner liable. Howard v. Illinois Central R. Co. 114 Minn. 189, 193, 130 N. W. 946. The right of drainage of surface water may on occasions work some hardship upon the lower proprietor, but it has been recognized in this state for many years and it has furnished a practicable, and on the whole an equitable, working rule for the reclamation and improvement of the large areas of wet land with which the state abounds.

Coming now to the facts of this case. The trial court found in substance that the marsh drained had no natural outlet except in time of high water; that it then flowed in the direction followed by the tile drain constructed by defendant and onto plaintiff's land; that the most natural course of drainage is in that direction; and that the tile drain is constructed over the most feasible route, and the only route; and that defendant has used all reasonable means in constructing said drain so as not to unnecessarily injure plaintiff's land. There is little question that if the foregoing findings of fact are sustained by the evidence the trial court was right in denying plaintiff an injunction.

In the main the findings are sustained. It is conceded that, while if the water in defendant's marsh were high enough it would naturally flow southeasterly in the direction of plaintiff's land, yet in fact the water does not rise to such height that the marsh overflows, and to that extent the finding is not sustained. It is also conceded that drainage in a westerly direction by a system of tile or ditches constructed wholly on the land of another proprietor would be possible by making a deep enough cut, and accordingly the court was wrong in holding that the route chosen by defendant was the "only route."

But these portions of the findings are not of vital importance. The essential facts found are, that the route taken is the most natural and feasible route for the drainage of this marsh, and that defendant used all reasonable means in constructing said drain to drain his land so as not unnecessarily to injure plaintiff's land. The evidence amply sustains these findings of fact, and the trial court properly denied plaintiff an injunction.

Order affirmed.