## P. A. HARTLE v. J. J. NEIGHBAUER AND OTHERS.[1]

May 23, 1919.

No. 21,211.

**Removal of surface water by owner.**

1. The rule laid down and applied in Sheehan v. Flynn, 59 Minn. 436, to the effect that the owner may rid his land of the surface waters coming thereon, doing no unnecessary or unreasonable injury to his neighbor, applies to a private drainage project joined in by several owners of contiguous lands.

**Same — by tile or open ditch.**

2. So long as such drainage be limited to surface waters, it is immaterial whether tile or open ditch drains be adopted for the purpose.

**Definition of surface water.**

3. Surface waters of which the landowner may rid his land, doing no unnecessary damage to his neighbor, are such as come from rains and snows, do not belong to any well defined body of water or natural stream, but are confined partly to the surface and partly beneath the surface in swamps or sloughs where they lie stagnant and inactive.

**Same.**

4. They do not lose their character as surface waters merely because in a measure they are absorbed by or soak into the marshy or boggy land where collected.

Action in the district court for Steele county to restrain defendants from maintaining drains or ditches, whereby water would come upon plaintiff's land, and to recover $500 damages. The substance of the answer is given in the second paragraph of the opinion. Plaintiff's demurrer to the answer on the ground that it did not state facts sufficient to constitute a defense was overruled, Childress, J. From the order overruling his demurrer, plaintiff appealed. Affirmed.

*Moonan & Moonan,* for appellant.

*J. A. & A. W. Sawyer,* for respondents.

[1] Reported in 172 N. W. 498.

BROWN, C. J.

Defendants own in severalty the different tracts of land described in the complaint, which they occupy and devote to agricultural purposes. The tracts lie contiguous to each other and border on the south line of plaintiff's land. Defendants joined in the construction of a tile drain, with laterals connecting different parts of their respective farms, for the purpose of draining low places thereon of surface waters, and the waters collected therein are by the main tile cast upon the land of plaintiff. Plaintiff brought this action to restrain the maintenance of the drain, charging the construction thereof to be wrongful and unlawful, in that thereby surface and subsurface waters are collected and cast upon plaintiff's land, which otherwise would not reach his premises at all, to his permanent damage. The relief demanded is that the maintenance of the drain be perpetually enjoined, and that plaintiff have and recover damages already suffered.

Defendants interposed a joint answer in which they admit the ownership of the lands in question and the construction of the drain complained of and by appropriate allegations assert the right to do so. They allege in this respect that there exist upon their separate farms certain depressions which contain rich agricultural land, but which by reason of their character collect and retain surface waters to such an extent as to saturate the soil and render it wholly unfit for cultivation; that to render the same suitable for agricultural uses the low depressions must be drained of the waters collected therein, and that the drain in question was constructed for that purpose and not otherwise. The answer further alleges that the natural drainage of the lands is toward and over the land owned by plaintiff, and through a long slough or swale thereon, into which the waters collected by the drain complained of are emptied, and that this is the only method by which defendants may drain their lands of the waters collected in the depressions thereon. The answer also alleges that the long slough or swale on plaintiff's land has a ditch through the center thereof, and thereby any excess waters coming from the drain may readily and inexpensively be drained off by plaintiff, therefore that no permanent or unreasonable damage is done to his land.

Plaintiff interposed a general demurrer to the answer which was over-

ruled. The trial court certified that the question presented by the demurrer was important and doubtful and plaintiff appealed.

1. It has become thoroughly settled law in this state, whatever may be the rule elsewhere, that a landowner may rid his land of the common enemy known as surface water by artificial drains and ditches, provided reasonable care be taken to inflict no unnecessary injury to the land of his neighbors. Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462, 26 L.R.A. 632; Gilfillan v. Schmidt, 64 Minn. 29, 66 N. W. 126, 31 L.R.A. 547, 58 Am. St. 515; Oftelie v. Town of Hammond, 78 Minn. 275, 80 N. W. 1123; Reick v. Schamanski, 117 Minn. 25, 134 N. W. 228; Hopkins v. Taylor, 128 Minn. 511, 151 N. W. 194. It has been said that the rule is peculiar to this state, a distinct departure from the rule of the common law as stated and applied in Hoganson v. St. Paul, M. & M. Ry. Co. 31 Minn. 224, 17 N. W. 374, and other like cases preceding the Sheehan case, and not followed in other jurisdictions. 3 Farnham, Waters, pp. 2577 and 2608. The criticism is probably sound. But that is not here important. The rule is not questioned by counsel for plaintiff in the case at bar, the precise contention made being that it should not be extended to a case where, as here, several landowners join in the construction of a tile drain for the purpose of draining the different tracts of land owned by them of both surface and subsurface waters; that a drain of that kind presents one proper for a proceeding under the general drainage statute of the state, to which defendants should be required to resort. We turn our attention to that question, but in view of prior decisions extended discussion thereof seems unnecessary.

2. The contention that improvements so extensive as the one in question should be conducted under the drainage statute, to the exclusion of the right of private drainage, where all parties affected may participate and be afforded adequate relief, sharing proportionately in the expense, is not without merit. In fact that would seem the most appropriate method of bringing about the desired results. But the same argument has been made in other cases and though seriously considered has not been sustained. It can make no substantial difference, from the viewpoint of the Sheehan case, that several landowners join in a private project of this character, for what one may lawfully do singly, two or more may agree to do jointly. Bohn Mnfg. Co. v. Hollis, 54 Minn. 223, 55

N. W. 1119, 21 L.R.A. 337, 40 Am. St. 319. In fact in the case of Gilfillan v. Schmidt, 64 Minn. 29, 66 N. W. 126, 31 L.R.A. 547, 58 Am. St. 515, four separate landowners joined in a private drainage project, and one of the objections there urged in opposition was that they should have proceeded under the drainage statute. But the court did not sustain the point and the drain constructed by their joint efforts was upheld. The same situation was presented in the case of Praught v. Bukosky, 116 Minn. 206, 133 N. W. 564, though the objection that two or more landowners may not join in such a project was not there raised. So it must be deemed settled that private drainage may be resorted to by the joint action of several owners of contiguous tracts of land, and that they may thus drain their lands to the extent limited by the rule of the Sheehan case, doing no unnecessary or unreasonable injury to their neighbors.

3. The fact that the tile drainage was here resorted to does not take the case without the rule. Drainage of that character was involved in Reick v. Schmanski, 117 Minn. 25, 134 N. W. 228, and Hopkins v. Taylor, 128 Minn. 511, 151 N. W. 194. But the kind of drain adopted for the purpose would seem unimportant, under the rule as probably extended and applied in the Schmanski case, so long as the drainage is limited to surface waters. No subterranean stream or natural flow of water could thus be interrupted, collected in an artificial tile or other drain and cast upon adjoining land where it would not otherwise flow. The rule of private drainage does not go so far. But it seems clear on the facts presented by the answer, which is the subject of the demurrer, that nothing but surface waters are here involved. Waters of that character include such as come from rains and snows, do not belong to any well defined body of water or natural stream, but are confined partly to the surface and partly beneath the surface in swamps or sloughs where they lie stagnant and inactive. 3 Dunnell, Minn. Dig. § 10161; Neal v. Ohio River R. Co. 47 W. Va. 316, 34 S. E. 914; Curtiss v. Ayrault, 47 N. Y. 73. They do not lose their character as surface waters merely because they are in a measure and to a certain extent absorbed by or soak into the marshy or boggy land where collected.

It follows that on the facts disclosed by the pleadings defendants are within their legal rights in draining their lands, and the only issue pre-

sented is whether they thereby unreasonably expose the land of plaintiff to unnecessary injury and damage; a question that may safely be left to a fair minded jury. The trial court was right therefore in overruling the demurrer to the answer and the order appealed from must be and is affirmed.

It is so ordered.

QUINN, J. (dissenting).
I dissent.