### JOSEPH WILTSCHECK v. ELLEN WERRING.[1]

#### June 11, 1920.

#### No. 21,729.

**Surface water — rule of Sheehan v. Flynn applicable.**

In an action to enjoin defendant from maintaining a tile drain which conducts surface water to a place on defendant's land from which it finds its way to plaintiff's land, it is *held* that the findings are sustained by the evidence and that the rule stated in Sheehan v. Flynn, 59 Minn. 436, and followed in Hartle v. Neighbauer, 142 Minn. 438, is applicable.

Action in the district court for Brown county to restrain defendant from maintaining a certain tile drain and permitting water to flow through the same upon plaintiff's land. Among other matters the answer alleged that defendant used all reasonable means in laying and constructing the drain so as not to unnecessarily injure plaintiff's land and that as a matter of fact it would not injure the land. The case was tried before Olsen, J., who when plaintiff rested denied defendant's motion to dismiss the action, for the reason that plaintiff had failed to introduce evidence sustaining the allegations of the complaint, or any

[1]Reported in 178 N. W. 109.

evidence making out a cause of action justifying any relief, made the findings set forth in the second paragraph of the opinion, and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Albert Hauser,* for appellant.

*W. R. Werring* and *Somsen, Dempsey & Flor,* for respondent.

LEES, C.

Plaintiff and defendant are adjoining landowners. In October, 1917, defendant constructed a tile drain on her land. Plaintiff alleges that the surface water which gathers in a series of depressions on defendant's land is diverted from its natural outlet by this drain and conducted to plaintiff's land, which it overflows to his damage. He brought this action to restrain defendant from maintaining the drain. The case was tried by the court without a jury and resulted in findings in defendant's favor. Plaintiff appeals from the judgment entered thereon.

In substance, these are the findings: A marsh, which at one time was the bed of a lake, occupies about 45 acres of land, the greater portion of which is located on plaintiff's premises. It is dry in dry seasons and covered with water in wet seasons. About eight acres of defendant's land consists of three "pot holes" or small depressions. The surface water which accumulates in these depressions naturally flows towards the marsh or lake bed. About 25 years ago a small open ditch was constructed on defendant's land, connecting these "pot holes" and running from them to the marsh. The ditch terminated on defendant's land. The drain tile laid in 1917 now drains the "pot holes" and is wholly on defendant's land. Its outlet is at the margin of the marsh about 100 feet west of the east line of defendant's land. It has no constant flow of water. It carries water only in the spring, when the snow melts and after heavy rains or continued wet weather. Part of the water so carried finds its way to plaintiff's land and spreads over it to some extent, at times causing him some slight damage. Such land is not ordinarily fit for cultivation. In dry years crops have been and may be grown thereon, but on the average the land does not produce crops sufficient to make it profitable to culivate it. The tile drain reclaims about eight acres of defendant's land and makes it fit for

agricultural use. It is specifically found that the tile is laid along the natural and practical course for the proper drainage of defendant's land and does not divert any water from its natural course or outlet, and that the laying of the tile was a reasonable and practical method of improving defendant's land and the benefits therefrom are largely in execess of any injury caused to plaintiff.

The finding last above set out is attacked on the ground that it is not supported by the evidence. This presents the sole question for our determination. The evidence shows that there is a slough on the southeast portion of defendant's farm, and the contention is that it is the natural outlet for the water drained from the "pot holes," that it is possible to drain them into the slough, and that defendant should have done so.

We have examined the record carefully, and find that it contains ample evidence to sustain the findings. Two engineers testified for the defendant and one for the plaintiff. There is no serious dispute in their testimony. It appears therefrom that the depressions drained are approximately six feet above the level of the marsh or lake bed, and only 2¾ feet above the level of the slough. It also appears that the depressions are surrounded by a slight elevation over which the water has sometimes flowed when it reached a sufficient height, and that its usual and natural course has been toward the marsh, although there is some testimony that it has been known to flow into the slough. Plaintiff's engineer conceded that the slough would not make a very good outlet for tile; that the only practical way to tile drain the "pot holes" is to carry the water towards the marsh, and that if it is legal to do so he himself would have adopted this method of draining the land as the most practical and feasible way of doing so.

The findings are sustained by the evidence under the settled rule by which we are bound in weighing them. There can be no doubt as to the law applicable to the facts as found. It recently received careful consideration in Hartle v. Neighbauer, 142 Minn. 438, 172 N. W. 498, where the decisions of this court are collected, and the rule stated in Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462, 26 L.R.A. 632, is declared to be the settled law of this state.

Judgment affirmed.