ANNA SANDMEIER AND ANOTHER v. TOWN OF ST. JAMES AND ANOTHER.[1]

October 30, 1925.

No. 24,829.

**Right of town to drain surface water from highway.**

1. The evidence supports the finding that, in draining a public highway, the town maintaining the highway did not exceed the rights of a landowner disposing of surface water as defined in Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462. In disposing of surface waters, a town has the same rights and is subject to the same liabilities as an individual.

**Town adopted reasonable and proper method.**

2. The evidence supports the finding that the town adopted a reasonable and proper method of draining the highway and that plaintiffs' land was not appreciably injured.

**Drainage of land-locked pool of surface water.**

3. A basin within the highway limits contained a land-locked pool of surface water which could be drained off only by artificial means. The fact that the ditch dug and the tile laid to drain the basin did not

[1]Reported in 205 N. W. 634.

coincide with the natural course of drainage is not a controlling factor in determining whether the defendants exceeded their legal rights.

1. See Towns, 38 Cyc. p. 641.
2. See Highways, 29 C. J. p. 591, § 319.
3. See Highways, 29 C. J. p. 591, § 319.

Action in the district court for Watonwan county to enjoin defendants from diverting surface water from its natural drainage. The case was tried before Comstock, J., who dismissed the action. Plaintiffs appealed from the judgment. Affirmed.

*J. W. Seager*, for appellants.

*Farmer & Tighe*, for respondents.

LEES, C.

By this action plaintiffs sought to obtain a mandatory injunction against the defendants requiring them to fill a ditch which drained a basin or depression in the surface of land crossed by a highway extending east to and over plaintiffs' land. The complaint alleged that the individual defendants own land adjoining plaintiffs' land on the west; that the basin is located just west of the boundary line; and that all the defendants had a hand in digging the ditch. A trial by the court without a jury resulted in findings in defendants' favor. Judgment was entered on the findings and plaintiffs appealed therefrom.

In substance it was found that the highway extends east and west on the line between two sections and passes through a small landlocked basin or depression without natural outlet, in which surface waters accumulate; that to keep the highway in a passable condition, it is necessary to provide for the drainage of the basin; that, to accomplish that purpose, the officers of the defendant town long ago dug a ditch within the highway limits on the north side of the road, which carried the water easterly to a culvert under the roadway; that the culvert was located where surface waters from the north of the road naturally flowed through a waterway on plaintiffs' land and found an outlet in a stream nearby; that the town officers used

the best and most practical method of draining the highway and were not negligent in what they did; and that, if any water came upon the lands of the plaintiffs by reason of the construction of the ditch and culvert, it was not appreciable in volume and has caused no injury or damage to the land or to the growing crops thereon.

It appears from their briefs that plaintiffs assume that defendants base their right to cast water upon plaintiffs' land upon the doctrine of prescription. The doctrine is thoroughly discussed, it being contended that it is not applicable to towns and that, in any event, the court failed to find that the alleged right had been asserted for a sufficient length of time to ripen into an easement by prescription. We are not concerned with these questions here, for, according to the findings, neither the plaintiffs' land nor the crops growing thereon have been damaged by the acts of the town, nor has the town done anything it did not have the right to do in improving the highway. Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462, 26 L. R. A. 632.

There are several assignments of error based on the alleged insufficiency of the evidence to support the findings, but an examination of the record has led us to the conclusion that these assignments are without merit. The findings accord with the testimony of numerous witnesses who observed the conditions for many years and, although there is contradictory testimony, the case is plainly one for the application of the usual rule in weighing findings upon questions of fact.

In the matter of the drainage and disposition of surface waters, a town has the same rights and is subject to the same liabilities as an individual. Oftelie v. Town of Hammond, 78 Minn. 275, 80 N. W. 1123. The rule as to individuals is set forth in Sheehan v. Flynn, supra. The substance of the rule is that a landowner may rid his land of surface water by artificial drains, provided reasonable care be taken to avoid unnecessary injury to the land of his neighbors. Subject to this qualification, the rule is absolute. Sheehan v. Flynn has been repeatedly followed in subsequent cases. Among the latest are Hartle v. Neighbauer, 142 Minn. 438, 172 N. W. 498, and Wiltscheck v. Werring, 146 Minn. 115, 178 N. W. 169.

Plaintiffs contend that the water in the basin could have been drained westerly into a branch of a public drainage ditch, or easterly into the main ditch itself. There is much evidence to that effect, but the trial court reached the conclusion that the best and most practical method of drainage was adopted by the town and that plaintiffs' land is not appreciably injured in consequence of the method adopted.

It seems to be an admitted fact that, before any ditch was dug and after it was dug but filled up and ceased to function, whenever the basin filled up and began to overflow, the surplus water ran off to the west instead of to the east. The contention that this circumstance shows that there was a natural outlet to the west can hardly be sustained, but, if it could be, from a legal standpoint the situation would be the same. The town was not obliged to drain the highway in any particular direction. Its officers had the right to select any method of drainage which was reasonable and proper and which eventually brought the water to a natural waterway. The fact that the ditch was not dug along a natural course of drainage but through a watershed, was not a controlling factor in determining whether defendants had gone too far in exercising their legal rights. The basin had no natural outlet. When the heavy rains which caused it to overflow had ceased and conditions became normal again, it was a land-locked pool of surface water which could be drawn off only by artificial means. In this respect the case is ruled by Rieck v. Schamanski, 117 Minn. 25, 134 N. W. 228, and Hopkins v. Taylor, 128 Minn. 511, 151 N. W. 194.

Judgment affirmed.

The Chief Justice took no part.