# H. D. DEFIEL v. COUNTY OF CLAY.[1]

November 5, 1926.

No. 25,483.

**When county is not liable to landowner for damages caused by building of county ditches.**

Notwithstanding the fact that the contract under which a county drainage ditch was dug provided that openings should be left in the spoil bank wherever designated by the county board or the engineer in charge of construction under the direction of the board, the county is not liable to a landowner for damages caused by the construction of the ditch adjacent to his land without openings in the bank for the escape of surface water from the land into the ditch.

Counties, 15 C. J. p. 388 n. 5; p. 568 n. 62; p. 569 n. 63.
Drains, 19 C. J. p. 709 n. 70.

Plaintiff appealed from an order of the district court for Clay county, Nye, J., sustaining defendant's demurrer to the complaint. Affirmed.

*Christian G. Dosland* and *Goodwin LeRoy Dosland,* for appellant.

*W. George Hammett,* County Attorney, and *E. J. Morton,* Assistant County Attorney, for respondent.

LEES, C.

This action was brought against Clay county to recover damages to appellant's land adjoining County Ditch No. 32. The ditch was constructed on the south side of the land, and the damage was caused by surface water held back by a spoil bank on the north side of the ditch. The complaint alleged that the contract for the construction of the ditch provided that openings should be left in the bank wherever designated by the county board or the engineer in charge of construction under the direction of the board; that openings should have been made wherever the bank crossed swales on appellant's land so that the surface water could run into the ditch;

[1]Reported in 210 N. W. 626.

that the county board negligently failed to provide such openings; that in July, 1925, a heavy rainfall caused surface water to accumulate in low places on the land, from which it flowed into swales and toward the ditch, where it was stopped by the spoil bank and caused to back up and destroy the appellant's growing crops. The complaint also alleged that in the county treasury there is a special fund available for the payment of the damage suffered by appellant.

A general demurrer to the complaint was sustained and this appeal followed. The question to be determined is whether a county is liable to a landowner for damages caused by the construction of a drainage ditch in the manner and under the circumstances alleged in the complaint.

In support of their contention that the county is liable, counsel for appellant cite Peters v. Town of Fergus Falls, 35 Minn. 549, 29 N. W. 586, where it was said that the duty imposed upon a town of constructing and keeping highways in repair puts the town in possession thereof for those purposes and gives it a qualified or special property in the land over which highways run. As respects adjacent property, the town stands in the position of owner. The right to cause damage to adjacent lands in the town's management and control of the highway, beyond that which a private owner may without liability cause to the lands of others by acts done on his own land, must be acquired by the exercise of the right of eminent domain. Following this case, it was held in Blakely v. Devine, 36 Minn. 53, 29 N. W. 342, that the supervisors of a town, in improving a highway, may not cause surface water to collect in artificial drains which carry it out of its natural course and cast it upon the land of an adjacent proprietor to his damage; and in Gunnerus v. Town of Spring Prairie, 91 Minn. 473, 98 N. W. 340, 974, that in the matter of opening and working highways, if the acts of the town supervisors within the scope of their powers cause damage to adjacent lands for which a private owner would be liable if the acts had been done by him on his own land, the town is liable. See also Oftelie v. Town of Hammond, 78 Minn. 275, 80 N. W. 1123; Sandmeier v. Town of St. James, 165 Minn. 34, 205 N. W. 634; and Lupkes v. Town of Clifton, 157 Minn. 493, 196 N. W. 666.

In the last case the town and its officers in charge of public highways were enjoined from removing an embankment across a ravine from which surface waters were cast upon plaintiff's land before a county ditch was constructed on one of the boundary lines of the land. The embankment dammed the ravine. Plaintiff was assessed for the benefits resulting from the construction of the ditch. A town road ran along the embankment. It was proposed to remove the earth fill across the ravine and to put a bridge over the gap thus permitting the water to escape from the ditch to plaintiff's land. It was held that the control which town authorities have over public highways was not broad enough to justify the threatened action. It is urged that, if a town is liable for the negligent acts of the supervisors in charge of its highways, which result in the flooding of land adjacent to a public highway, a county should be held liable for the negligence of the county board in supervising the construction of a county drainage ditch.

Counsel for the county rely upon Gaare v. Board of Co. Commrs. 90 Minn. 530, 97 N. W. 422; State v. Hansen, 140 Minn. 28, 167 N. W. 114; Alden v. County of Todd, 140 Minn. 175, 176, 167 N. W. 548; and Cement Prod. Co. v. County of Martin, 142 Minn. 480, 172 N. W. 702. It was held in these cases that a county is an involuntary corporation organized as a political subdivision of the state for governmental purposes and is not liable for the negligence of its officers or agents unless expressly made so by statute; that, in drainage proceedings, a county is not interested in a proprietary sense, but is a party thereto merely as a governmental agency or agency of the state; that the statute provides the manner and extent to which a county can be made liable in drainage matters, and that it can be made liable in no other way. We think these cases are decisive of the question presented by this appeal, unless the decisions upon which appellant's counsel rely lead to a different conclusion.

The duties of a town board, in matters pertaining to the construction and maintenance of public highways, are quite different from those of a county board in constructing and maintaining drainage ditches. As said in Peters v. Town of Fergus Falls, supra, a town

has a qualified or special property in the land occupied by a public highway. A county has no proprietary interest in the land over which a drainage ditch is laid. The duties of a county board, when a petition for the establishment of a county drainage ditch is presented, are defined by statute. The powers and duties of the board are of a limited nature and are not as broad as those of town boards in reference to public highways. The only section of the statute which seems to bear upon the question of liability for damage arising after the construction of a county ditch is G. S. 1923, § 6728. Without stopping to consider whether the language of the section is broad enough to cover a case such as this, we think it is safe to say that the statute evinces an intention on the part of the legislature to provide a special method of procedure when lands adjacent to a drainage ditch are damaged after the ditch has been constructed. By providing the method of ascertaining the damage and making compensation therefor, it may be inferred that the legislature intended to limit an injured landowner's right to redress and prevent him from seeking compensation in any other manner than that prescribed by statute.

We conclude that the facts pleaded are not sufficient to charge the county with liability.

Order affirmed.