## LAURA SIMONSON AND OTHERS v. TOWNSHIP OF ALDEN AND ANOTHER.[1]

August 29, 1930.

No. 27,814.

[1]Reported in 231 N. W. 921.

*Meighen, Knudson & Sturtz,* for appellant.
*J. O. Peterson,* for respondents.

DIBELL, J.

Action for an injunction to restrain the defendants from discharging the waters coming from the lands of the defendant Henche upon the premises of the plaintiffs and from maintaining tile and other drains to effect such result. There were findings for the plaintiffs directing an injunction, and the defendant Henche appeals from the order denying his motion for a new trial. The defendant township of Alden does not appeal.

The law is that the owner of upper lying lands may rightfully rid his lands of surface waters by casting them on lower lying lands, but that in doing so he must proceed so as not unreasonably to burden the lower landowner. He must use his own so as not unnecessarily to damage the property of another; and he may not unreasonably gather the waters on his lands and cast them on the lands of the lower owner in destructive quantities. O'Brien v. City of St. Paul, 25 Minn. 331, 33 Am. R. 470; Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462, 26 L. R. A. 632; Erhard v. Wagner, 104 Minn. 258, 116 N. W. 577; Peterson v. Lundquist, 106 Minn. 339, 119 N. W. 50; Howard v. Illinois Cent. R. Co. 114 Minn. 189, 130 N. W. 946; Praught v. Bukosky, 116 Minn. 206, 133 N. W. 564; Reick v. Schamanski, 117 Minn. 25, 134 N. W. 228; Hopkins v. Taylor, 128 Minn. 511, 151 N. W. 194; Garrett v. Skorstad; 143 Minn. 256, 173 N. W. 406; Olson v. County of Roseau, 164 Minn. 452, 205 N. W. 372; Sandmeier v. Town of St. James, 165 Minn. 34, 205 N. W. 634; Felepe v. Town of America, 174 Minn. 317, 219 N. W. 158. These cases invite a variety of applications. Others are found in 6 Dunnell, Minn. Dig. (2 ed.) § 10165. What is reasonable depends upon the special facts of the case. In a particular case the owner may cut through a watershed; and the amount of benefit

done to the upper owner may be compared with the damage done to the owner of the lower lying land in determining what is reasonable.

The plaintiffs own the northwest quarter of the northwest quarter of 22-102-23, in Freeborn county, of which 32 acres are muck land and the rest high land. It is within the district of county ditch No. 23 of Freeborn county and is tiled and open-drained. There are buildings upon it of the value of $3,000 or $4,000 and the land is adapted to profitable intensive cultivation of vegetables. The defendant Henche owns the 80 acres directly to the west, with a highway between that 80 and the plaintiff's 40, and another 80 to the north of this 80, with a highway between. The defendant's land here involved is not within the limits of ditch No. 23 and it has not paid a ditch assessment. In 1927 the defendant and the township of Alden constructed an eight-inch tile drain through the marshes on Henche's land so that the water flowed upon the plaintiffs' land. The court finds that by the ditching Henche reclaimed eight acres of land which became tillable. The cost to him was about $500 and the land reclaimed worth not more. It found that $800 would take the eight-inch tile to the open part of ditch No. 23 and that there was no objection nor obstruction to such construction. It finds that the lands of the plaintiffs were worth $8,000 before becoming subject to being flooded and worth not more than $3,000 afterwards and that the permanent damages were $5,000 if the continuance of the flooding was permitted.

It is not worth while to describe in detail the ditching which the plaintiffs deem objectionable. It is enough to say that in and on the north and south sides of the east and west highway, in the west half of the two 80s, there is what is called a land-locked swamp or pond, three feet in depth, containing some eight or nine acres. The rim of this swamp is substantially three feet higher than the bottom of the surrounding low lands. The defendant ditched and tiled so that the water from the swamp would outlet near the north and south highway and flow upon the plaintiffs' 40 to their damage. The plaintiffs admit that while the defendant had the right to discharge the surface waters from his lands, they claim that he unreasonably did so when he outlet the eight or nine-acre swamp and

let it run upon the plaintiffs' 40. The trial court so found. The evidence justifies its finding.

Order affirmed.

