## MATTE OLSON v. COUNTY OF ROSEAU AND ANOTHER.[1]

October 16, 1925.

No. 24,801.

**Where town removed a fill and installed a culvert in county ditch, in consequence of which plaintiff's farm was flooded, town was required to fill the culvert.**

In a constructed county ditch, the county board, upon plaintiff's complaint that a lateral therein did not function as designed but permitted waters, collected in the branch into which the lateral was intended to discharge, to flow into the lateral and flood plaintiff's farm, filled in the lateral at the point where it joined the branch, thus severing the lateral from the system. Thereafter the defendant town without excuse or justification removed the fill and installed a culvert, thereby, according to the unchallenged finding of the court, unreasonably, unnecessarily and wrongfully discharged the waters accumulated in the branch through the restored lateral in destructive quantities upon plaintiff's farm. It is *held* that the defendant was an intermeddler, and that plaintiff was entitled to the relief ordered.

See Drains, 19 C. J. p. 712, § 205 (Anno).

[1]Reported in 205 N. W. 372.

Action in the district court for Roseau county for damages and to compel defendant to remove a culvert and restore a fill. The case was tried before Watts, J., who ordered judgment in favor of plaintiff and against the town of Spruce. The town of Spruce appealed from an order denying its motion for a new trial. Affirmed.

*M. J. Hegland,* for appellant.

*Halvor Steenerson* and *Theodore F. Neils,* for respondent.

HOLT, J.

Appeal from an order denying a motion for amended conclusions of law or a new trial.

The appeal must be determined solely upon the pleadings and the findings. There is no settled case or bill of exceptions. The only ground for reversal then is that the findings of fact do not support the conclusions of law. The main facts found are these:

In 1912, County Ditch No. 11 in Roseau county was established. It had branches and laterals to lead the water into the branches. The ditch was constructed according to the plans and specifications of the engineer. After the construction it was ascertained that a short lateral on the west side of plaintiff's 80-acre farm did not function as intended. Instead of it carrying the water south into branch No. 1, running from east to west on the section line and emptying in Roseau river to the west, the waters accumulated in the branch flowed into the lateral and ran north, discharging in destructive quantities upon plaintiff's farm which was somewhat lower than the surrounding lands. Complaint of this came to the county board, and that board, in 1913, filled in the lateral where it opened into the branch, thus completely cutting off the lateral from the drainage system. This was done by the board without notice. It appears that immediately west of the lateral is a public highway also one on the north bank of the branch. In the fall of 1914, the defendant by its town board took out the fill placed by the county board in the lateral, as stated, and placed a culvert therein, thus again permitting the water accumulated in the branch to flow into the lateral and flood plaintiff's farm. This action was thereafter

brought for damages and a mandatory injunction to compel the town to remove the culvert and restore the fill.

The answer pleaded no excuse or justification for meddling with the fill in the lateral made by the county board. The unchallenged finding is that the act of defendant in removing the fill and installing the culvert unreasonably, unnecessarily and wrongfully caused the waters accumulated in the branch ditch to come onto plaintiff's land in destructive quantities. There is no finding that defendant had been assessed for benefits to its roads or property in County Ditch No. 11. No jurisdiction over county ditches is given by statute to town boards. Upon the pleadings and findings the defendant was a wrongful intermeddler and plaintiff, having suffered damages therefrom, as found, was entitled to the relief ordered in the conclusions of law.

We are not called upon to determine whether, without notice to interested parties, the county board was warranted in correcting the bad engineering in the plans of the ditch when it found that a part of the same did not function as designed.

A county board has at least some jurisdiction over county ditches, while a town board has none. The county board, upon complaint of a landowner who had paid benefits for the drainage system, cut off the lateral, the only part thereof which could have benefited those lands adjoining it and then, without any showing of harm or interest to defendant or even of complaint by it to the county board, the town board takes upon itself to make changes in a county ditch over which it has been given no control or duty whatever. We think its acts were wrongful, no matter what wrongs or irregularities the county board had been previously guilty of in respect to the ditch. Hence we deem it unnecessary to consider whether the county board could justify what it did under section 6717, G. S. 1923, as amended by section 6717-1, as is the contention of respondent, and which sections are likewise cited by appellant as conclusive that the board could not.

It also is plain from what has been said that defendant is in no position to avail itself of the decisions in Garrett v. Skorstad, 14

Minn. 256, 173 N. W. 406, and Lupkes v. Town of Clifton, 157 Minn. 493, 196 N. W. 666. In the former case an injured landowner sought by injunction to compel the county board to make a change in an established and constructed drainage system, long after its construction; and in the latter, the town board was enjoined from making an alteration in a constructed county ditch which would result in depriving plaintiff of the drainage he had been assessed benefits for, even though such alteration aided in the proper maintenance of a town road.

The order is affirmed.