## GUS A. FELEPE v. TOWNS OF AMERICA AND CEDARBEND.[1]

April 20, 1928.

No. 26,652.

**Defendant towns wrongfully flooded plaintiff's land by interference with established drainage system.**

1. The evidence sustains the findings that defendants wrongfully by means of a road ditch, dam and enlarged culverts discharged more surface water than originally came into a public drainage system as established, thereby flooding plaintiff's land and damaging his crop.

**Towns without authority to interfere with established drainage system.**

2. Towns in the improvement and maintenance of public highways are without authority substantially to change or interfere with the operation of duly established drainage systems.

Drains, 19 C. J. p. 712 n. 91.

---

See note in 65 L. R. A. 261; 9 R. C. L. 684; 5 R. C. L. Supp. 523.

Defendants appealed from an order of the district court for Roseau county, Grindeland, J. denying their motion for a new trial. Affirmed.

*M. J. Hegland,* for appellants.

*Bert Hanson* and *W. E. Rowe,* for respondent.

[1]Reported in 219 N. W. 158.

HOLT, J.

Appeal from the order denying defendants a new trial. The action was to enjoin the defendant towns from maintaining culverts and embankments whereby waters were collected and diverted from one drainage system into another and thereby plaintiff's lands flooded, and for damages to crops. Findings were for the relief asked and $100 damages.

In Roseau county the town of Cedarbend lies directly north of the town of America. On the town line dividing them there is now a graded road. The territory is flat with drainage toward the north and northwest. County ditch No. 6 was established in 1910. It begins a few feet north of the town line mentioned between sections 33 and 34 in Cedarbend, runs north through that town, and then northeasterly into Warroad river. The excavation for the ditch was placed on the east bank, serving as a roadway for a public road. The ditch is on the west line of plaintiff's land. In 1911 the county board established ditch No. 9, which starts in the south part of the town of America and runs directly north in line with ditch No. 6 up to the town line mentioned, thence turns at right angles west on the town line, and eventually empties into a creek ten miles west. This ditch is larger than No. 6. It was constructed south of the town line road. The excavation for the ditch, deposited upon the north side thereof, furnished the embankment or roadbed for the town line road. The two ditch systems were separate, independent and unconnected. It appears that the northwest quarter of section 3 in the town of America was part of the drainage system of ditch No. 6, for it was therein assessed for benefits; and two small culverts across the roadway discharged the surface water accumulating on that quarter section into the area drained by ditch No. 6. These two culverts were removed in 1913 or 1914 and the openings filled so that the water south of the town line road had to discharge into ditch No. 9. No legal authority is shown for this change.

In 1921 the county board notified the towns that funds from the five mills tax were available for improving the town line road. Thereupon the road was graded east from the ditches to the town

lines, some three miles. In so improving the highway a ditch was dug on the south line of the roadway, cutting through a ridge a short distance east of the ditches. This collected the waters coming from the east and south of the town of America and discharged the same into ditch No. 9. In floods this was more than No. 9 could take care of. So in 1925 very large culverts were placed through the highways in about the same places where the original small ones had been, and the westerly end of the road ditch where it entered ditch No. 9 was dammed, thereby diverting all the water accumulated by the road ditch and the road embankment in the town of America into ditch No. 6. The result was that in times of heavy rainfall the last mentioned drainage system was overtaxed and the crops of plaintiff drowned out.

As above indicated, the findings in substance are that the towns, in the changes made by the road ditch through the ridge and then damming its outlet into ditch No. 9 and sending the accumulated waters through the very much enlarged culverts into ditch No. 6, wrongfully interfered with the latter drainage system, to plaintiff's damage in the sum of $100. These findings are assailed as unsupported. We consider them warranted by the evidence.

In the construction and improvement of public highways surface water has to be taken care of. But its disposal will necessarily have to be adapted to existing public drainage systems so as to permit them to function substantially as established. Garrett v. Skorstad, 143 Minn. 256, 173 N. W. 406; Lupkes v. Town of Clifton, 157 Minn. 493, 196 N. W. 666. No complaint could have been justly made if through the roadway there had been culverts placed of the capacity of those originally there, and if no more water than originally discharged into ditch No. 6 had been accumulated and turned therein. The towns in the improvement and maintenance of public highways are without authority substantially to change or interfere with the operation of duly established drainage systems. Olson v. County of Roseau, 164 Minn. 452, 205 N. W. 372.

At the trial the responsibility for the wrongs here charged and found true was sought to be shifted from the towns to the com-

mittee of citizens of the towns appointed at the instance of the county board; but that defense is not urged upon this appeal and could not well be done upon the evidence.

The order is affirmed.