ALFRED FISCHER v. TOWN OF ALBIN.
OTTO G. KOTTEN AND OTHERS,
INTERPLEADED DEFENDANTS.

104 N. W. (2d) 32.

May 20, 1960—Nos. 37,902, 37,906.

*Berens & Rodenberg,* for appellant town of Albin.
*Young, Kunz & Mueller,* for appellants Kotten and Hoffman.
*Gislason, Reim, Minium, Alsop & Dosland,* for respondent.

DELL, CHIEF JUSTICE.

Defendants appeal from a judgment requiring the defendant town of Albin to remove or block certain culverts placed in a township road adjacent to plaintiff's property.

Plaintiff is the owner of property lying immediately west of a township road owned and maintained by the town of Albin. The interpleaded defendants Kotten and Hoffman own the property immediately to the east of said road. The lands involved are included within a drainage system known as County Ditch No. 29, established and constructed in 1916 and 1917. The natural drainage in the area is generally from east to west. Since the establishment of the ditch, and until 1956, the surface waters collected on the defendants' property on the east side of the road and were required to drain through intakes located on the east side and into the tile system of County Ditch No. 29. The road acted as a barricade to the flow of the surface waters, backing them up on the defendants' land and preventing them from flowing onto the plaintiff's property. Only occasionally would the water reach sufficient height to overflow the road. At the time County Ditch No. 29 was established, and again when it was repaired in 1949 and 1950, all of the lands were assessed for the benefits received.

In 1956 the town of Albin repaired the road and raised the grade. As a part of this project it installed three culverts beneath the road at

stations 8 + 00, 19 + 00, and 37 + 00 respectively. The effect of the installation of these culverts was to substantially increase the flow of surface water from defendants' property on the east side of the road to plaintiff's property on the west side.

The trial court found that the culverts at stations 8 + 00 and 37 + 00 created a substantial change in the drainage plan of County Ditch No. 29 and ordered that said culverts either be removed or permanently blocked. It further found that there had been a culvert at or near station 19 + 00 at the time of the establishment of the county ditch and hence made no order for its removal. The separate appeals of the interpleaded defendants and the town of Albin from the judgment have been consolidated for hearing.

The rights of an owner of land within a drainage system are well settled. As stated in In re Petition of Jacobson re County Ditch No. 24, 234 Minn. 296, 299, 48 N. W. (2d) 441, 444:

"Once a ditch system is established, the order creating it constitutes a judgment in rem. The *res* or subject matter of the order is the watercourse and all lands determined to be damaged or benefited by it. Thereafter, every owner of land who has recovered damages or been assessed for benefits has a property right in the maintenance of the ditch in the same condition as it was when originally established. Such a property right cannot be divested or damaged without due process of law."[1]

Property rights so acquired cannot be infringed even by a town board acting under its duty and authority to maintain and repair roads within its jurisdiction.[2]

While the defendants do not dispute these propositions, they argue that the installation of the culverts in no way affected the property

---

[1]To the same effect, see In re County Ditch No. 31 and Judicial Ditch No. 13, Faribault County, 244 Minn. 543, 70 N. W. (2d) 853; Lupkes v. Town of Clifton, 157 Minn. 493, 196 N. W. 666.

[2]Felepe v. Towns of America and Cedarbend, 174 Minn. 317, 219 N. W. 158; Lupkes v. Town of Clifton, 157 Minn. 493, 196 N. W. 666; see, Olson v. County of Roseau, 164 Minn. 452, 205 N. W. 372; Garrett v. Skorstad, 143 Minn. 256, 173 N. W. 406.

rights of the plaintiff. They point out that County Ditch No. 29 is a tile system as distinguished from an open system and that no provision was made in the ditch proceedings concerning the presence or absence of culverts in the road. The defendants rely upon In re Lake Elysian High-Water Level, 208 Minn. 158, 293 N. W. 140, in which case this court reversed with directions to affirm an order of the commissioner of conservation approving the construction of a dam to restore the water level of the lake to its natural height. Owners of land who had been assessed for ditch benefits claimed that the project would substantially impair the drainage system and that they had acquired a property right to have the lake maintained at a low-water level. The court found that the lowering of the water level was not an intended factor in the establishment of the ditch because, among other things,[3] the engineer's report stated that such was neither sought nor expected. The court said (208 Minn. 166, 293 N. W. 143):

"* * * When they [landowners] secured the construction of the ditch they knew or should have known upon what conditions the project was founded. Neither the viewers in assessing benefits nor the county board in establishing the ditch could give them any more than what the drainage law permitted and the ditch proceedings themselves provided."

From this case defendants claim that, since the ditch proceedings here involved make no provision concerning culverts, the plaintiff acquired no property rights respecting them. We cannot agree. The Lake Elysian case holds only that where recitals in a ditch proceeding specifically state that a condition is neither necessary to nor contemplated in the establishment of the drainage system, a landowner acquires no right to have the condition maintained if it nevertheless occurs. It does not necessarily follow that where the proceedings are silent as to a particular condition, it is not one upon which the project was founded and which a landowner is entitled to have maintained.

Benefits assessed or damages awarded are necessarily determined by

---

[3]The court also held that, in any event, the county board lacked authority to lower the level of the lake.

the effect of the proposed system on the lands involved under all of the conditions then existing as well as changes which might necessarily be expected to follow from the construction of the system. When these conditions are altered so as to materially affect the benefits derived or damages sustained, the alterations divest the landowner of his property rights just as much as if a ditch were obstructed or tiles removed. The landowner is, therefore, entitled to have all of the conditions upon which a system is based, as well as the ditch or tiles themselves, maintained so that the system will function substantially as established. As has been pointed out, the subject matter of the order establishing a drainage system is all of the lands affected—not merely the new watercourse to be established.

Whether a condition existed at the time the ditch proceedings originated and was necessarily considered in assessing benefits or awarding damages is a matter of proof. If the evidence is otherwise sufficient it is not necessary that the condition be mentioned in or created by the drainage proceedings. The evidence here fully supports the conclusion that when the viewers inspected the lands involved for the purpose of determining benefits and damages, there were no culverts at stations 8 + 00 and 37 + 00 and the road acted as a barrier to the surface waters. These were the conditions upon which the project was founded, upon which assessments for benefits to be derived were made, and which the plaintiff is entitled to have maintained.

The judgment of the trial court should be affirmed.

Affirmed.

UPON APPEAL FROM CLERK'S TAXATION OF COSTS.

On June 24, 1960, the following opinion was filed:

PER CURIAM.

The town of Albin appeals from the taxation of costs and disbursements.

The state cannot ordinarily be taxed for costs and disbursements when it acts in its sovereign capacity.[4] The culverts involved were in-

---

[4]State, by Peterson, v. Bentley, 224 Minn. 244, 247, 28 N. W. (2d) 179, 770.

stalled by the town of Albin in conjunction with its statutory duty to maintain and repair roads within its jurisdiction.[5] Since the town, in performing this governmental function, acts as an agency of the state in its sovereign capacity,[6] it also enjoys immunity from taxation of costs and disbursements.

The clerk's taxation of costs and disbursements against the town of Albin is reversed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

[5]M. S. A. 163.01.
[6]See, 16 Dunnell, Dig. (3 ed.) § 8454.